DYNAMIC ENERGY, INC., STEPHANIE M. HAGGERTY,
F.K.A. STEPHANIE M. DELAMBERT, A PERSON OTHER
THAN THE TAX MATTERS PERSON, PETITIONER
*v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 3539-90.          Filed January 21, 1992.

*Kevin R. Armbruster* and *W. Hampton Morris,* for petitioner.
*Timothy S. Sinnott* and *Jeffrey I. Rosenberg,* for respondent.

## OPINION

NIMS, *Chief Judge:*   This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike as to section 6013(e).  (Unless otherwise indicated, section references are to the Internal Revenue Code as in effect for 1984.   Rule references are to the Tax Court Rules of Practice and Procedure.)

## *Background*

Dynamic Energy, Inc. (Dynamic), is a subchapter S corporation subject to the S corporation audit and litigation procedures contained in section 6241 et seq.   Petitioner's former husband Richard G. deLambert owned 47.7 percent of Dynamic's outstanding stock for the year in issue.   Because

petitioner and her husband filed a joint Federal income tax return for the year in issue, petitioner is deemed to be a shareholder for purposes of this proceeding under sections 6231(a)(2)(B) and 6244.

On September 27, 1989, respondent issued a notice of final S corporation administrative adjustment (FSAA) to the tax matters person of Dynamic determining adjustments to Dynamic's 1984 S corporation return. The tax matters person did not file a petition for readjustment of subchapter S items within the 90 days allowed under section 6226(a). On February 26, 1990, petitioner timely filed a petition as a person other than the tax matters person for readjustment of Dynamic's subchapter S items under section 6226(b). In the petition, petitioner asserts that she is entitled to innocent spouse relief under section 6013(e) for any tax liability resulting from respondent's adjustments of Dynamic's subchapter S items in the FSAA.

Respondent filed a motion to dismiss for lack of jurisdiction and to strike as to section 6013(e). Petitioner opposes respondent's motion. The issue for decision is whether this Court has jurisdiction to determine whether a shareholder is entitled to innocent spouse relief under section 6013(e) in a corporate level proceeding controlled by the S corporation audit and litigation procedures contained in section 6241 et seq.

## *Discussion*

The S corporation audit and litigation procedures were enacted by Congress in 1982 in order to provide a method for unified treatment of subchapter S items among the shareholders. Subchapter S Revision Act of 1982, Pub. L. 97-354, sec. 4(a), 96 Stat. 1691-1692; see *Dial USA, Inc. v. Commissioner,* 95 T.C. 1, 1-2 (1990); S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729. Except as otherwise provided by regulations, the tax treatment of subchapter S items will be determined in one unified proceeding at the corporate level as opposed to individual proceedings at the shareholder level. Sec. 6241; *Eastern States Casualty Agency v. Commissioner,* 96 T.C. 773, 775 (1991).

The procedures for determining subchapter S items are based upon certain categories of the unified partnership audit and litigation provisions contained in section 6221 et seq. Sec.

6244. The unified partnership procedures (subchapter C of chapter 63) were added to the Code by section 402 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 648. Section 6244 provides that except to the extent modified or made inapplicable by regulations, the partnership provisions which govern the judicial determination of partnership items and those that relate to partnership items are generally made applicable to subchapter S items. *Eastern States Casualty Agency v. Commissioner, supra* at 775-776.

A subchapter S item is defined as "any item of an S corporation to the extent regulations prescribed by the Secretary provide that, for purposes of * * * [subtitle F of the Code (Procedure and Administration)], such item is more appropriately determined at the corporate level than at the shareholder level." Sec. 6245. Pursuant to section 301.6245-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), subchapter S items are those "items which are required to be taken into account for the taxable year of an S corporation under subtitle A of the Code". See *University Heights v. Commissioner,* 97 T.C. 278, 281 (1991). For purposes of classifying an item as a subchapter S item, it is irrelevant whether such item is determinable by information actually available at the corporate level. The critical factor underlying such classification is whether the corporation was required to make the determination for its taxable year in question under subtitle A of the Code. *Dial USA, Inc. v. Commissioner, supra* at 4; sec. 301.6245-1T(a), (c)(1), Temporary Proced. & Admin. Regs., *supra.* In this connection, the regulations set forth a list of subchapter S items that may be determined in a corporate level proceeding. The innocent spouse defense under section 6013(e) is not included in this list.

Respondent asserts that because the innocent spouse defense under section 6013(e) is not a subchapter S item which may be determined in a corporate level proceeding, this Court lacks jurisdiction in the present case to consider petitioner's innocent spouse claim. Petitioner concedes that the innocent spouse claim under section 6013(e) is not a subchapter S item. Petitioner contends, however, that pursuant to section 6244, section 6226(f) confers jurisdiction on this Court to determine her innocent spouse claim because such claim relates to "the

proper allocation of subchapter S items among the shareholders."

Section 6226(f) provides as follows:

SEC. 6226(f). SCOPE OF JUDICIAL REVIEW.—A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates and the proper allocation of such items among the partners.

Pursuant to section 6244, section 6226(f) applies to the determination of subchapter S items in a corporate level proceeding controlled by the S corporation audit and litigation procedures contained in section 6241 et seq. *Hang v. Commissioner,* 95 T.C. 74, 79 (1990). Thus, when a petition for readjustment of subchapter S items is filed, this Court has jurisdiction to determine all subchapter S items for the taxable year to which the FSAA relates and the proper allocation of such items among the shareholders.

The gravamen of petitioner's argument is that her innocent spouse claim under section 6013(e), if successful, would prevent certain S corporation items from being allocated to her as a shareholder. Petitioner concludes that because this Court has jurisdiction under section 6226(f) to determine the proper allocation of subchapter S items among Dynamic's shareholders, it likewise must have jurisdiction to consider her claim under section 6013(e). We disagree.

Petitioner is in error when she assumes that her innocent spouse claim under section 6013(e) would prevent the allocation of Dynamic's subchapter S items to her as a shareholder. Rather, section 6013(e) would provide relief from the ultimate tax liability, if any, that would result from this Court's readjustment of Dynamic's subchapter S items. See *Purcell v. Commissioner,* 86 T.C. 228 (1986), affd. 826 F.2d 470 (6th Cir. 1987). Stated differently, section 6013(e) does not change her status as a shareholder spouse under section 6231(a)(2)(B), but rather is a personal defense that relates to petitioner's ultimate tax liability as a shareholder spouse.

To satisfy the requirements of section 6013(e), petitioner must establish that: (1) A joint return was made for the taxable year; (2) on such return there is a substantial understatement of tax attributable to grossly erroneous items of her spouse; (3) petitioner did not know and had no reason to

know of such substantial understatement when she signed the return; and (4) based on all the facts and circumstances, it would be inequitable to hold petitioner liable for the deficiency in income tax attributable to such substantial understatement. Sec. 6013(e)(1); *Flynn v. Commissioner,* 93 T.C. 355, 359 (1989). A grossly erroneous item is defined as any omitted item of gross income or any claim of basis, deduction, or credit that has no basis in fact or law. Sec. 6013(e)(2). A substantial understatement is defined as an understatement that exceeds $500. Sec. 6013(e)(3). If petitioner establishes all four elements, then section 6013(e)(1) provides that petitioner "shall be relieved of liability for tax * * * for such taxable year to the extent such liability is attributable to such substantial understatement."

The basic weakness in petitioner's argument is that it is only after Dynamic's subchapter S items are adjusted and properly allocated to her that a determination can be made as to whether petitioner has satisfied the requirements of section 6013(e). Indeed, a determination of whether there is a substantial understatement of tax attributable to a grossly erroneous item is dependent on the type and amount of subchapter S items that are allocated to petitioner. Further, a determination of whether petitioner knew or had reason to know and a consideration of the equities involved are purely factual questions that are unique to petitioner and completely unrelated to Dynamic's reporting of items at the corporate level. In short, a determination under section 6013(e) does not in any way affect the proper allocation or reallocation of subchapter S items among the shareholders within the meaning of section 6226(f).

Petitioner next asserts that by enacting section 6231(a)(2)(B) to allow a shareholder spouse to bring an action for readjustment under section 6226, Congress must have intended to allow such spouse to raise her own personal defenses in that proceeding. Petitioner has failed to cite any authority in support of this position, and we believe there to be none.

The S corporation audit and litigation procedures and the accompanying legislative history reflect a desire on the part of Congress to limit such procedures only to items that are more appropriately determined at the corporate level (i.e.,

subchapter S items). Secs. 6241, 6245; *Hang v. Commissioner, supra* at 82. Subchapter S items are those "items which are required to be taken into account for the taxable year of an S corporation under subtitle A of the Code". *University Heights v. Commissioner, supra;* sec. 301.6245-1T(a), Temporary Proced. & Admin. Regs., *supra.* A determination under section 6013(e) is not an item which is "required to be taken into account for the taxable year of a S corporation under subtitle A of the Code". Indeed, section 6013(e) is part of subtitle F of the Code. An innocent spouse claim under section 6013(e) does not relate in any way to the income tax reporting of a subchapter S corporation. Accordingly, because a claim under section 6013(e) is not a subchapter S item, this Court lacks jurisdiction over such determination in a corporate level proceeding, and we so hold.

Lastly, petitioner asserts that if the Court finds that it lacks jurisdiction in the present case to consider her innocent spouse claim, the Court can request respondent to grant an administrative review under section 6231(b)(1)(C). Section 6231(b)(1)(C) provides that partnership items of a partner become nonpartnership items as of the date respondent and the partner enter into a settlement agreement with respect to such items. Pursuant to section 6244, section 6231(b)(1)(C) applies to subchapter S items. We fail to see how section 6231(b)(1)(C) is applicable to the issue before us. This Court does not have the authority to request respondent to grant an administrative review of petitioner's innocent spouse claim.

Because this Court lacks jurisdiction to determine whether a shareholder is entitled to innocent spouse relief under section 6013(e) in a corporate level proceeding, respondent's motion to dismiss for lack of jurisdiction and to strike as to section 6013(e) will be granted.

To reflect the foregoing,

*An appropriate order will be issued.*