PETER W. CARMEL, PETITIONER *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 27300-89.                Filed March 11, 1992.

*Ellis L. Reemer* and *Dennis M. Bresnan,* for petitioner.
*Sharon Katz-Pearlman* and *Gail A. Campbell,* for respondent.

OPINION

CLAPP, *Judge:* This case is before the Court on the parties' cross-motions for entry of decision. All section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

On August 15, 1989, respondent issued a notice of deficiency to petitioner and his wife for the taxable years 1984 and 1985. Respondent made adjustments to nonpartnership items reported on the income tax returns jointly filed by petitioner and his wife, and determined deficiencies in and additions to tax for both years. Petitioner and his wife filed separate petitions with the Court. Petitioner and his wife also reported losses on their 1984 and 1985 returns that were attributable to Mrs. Carmel's interest in a TEFRA[1] partnership, Ann-Larr; however, any adjustments to these partnership losses are not issues before the Court in this proceeding.

When this case was called for trial on December 3, 1990, in New York, New York, the parties represented to the Court that a settlement had been reached, that there were no deficiencies in or additions to tax due from petitioner for the years at issue, and that a decision reflecting such settlement would be forthcoming. On April 17, 1991, the parties informed the Court that they were unable to reach an agreement on the language that should be included in the decision.

The parties continue to agree that there are no deficiencies in or additions to tax due from petitioner with respect to the nonpartnership items adjusted by respondent. Petitioner is concerned, however, with adjustments that might be made to the Ann-Larr partnership items at a subsequent partnership level audit. The gravamen of his complaint is that he is entitled to raise an innocent spouse defense under section 6013(e) if such adjustments result in an income tax liability. Petitioner believes that the only way to raise this defense, however, is if respondent stipulates language in the decision in the instant case characterizing the tax treatment of Ann-Larr partnership items, as they relate to him, as "affected items which require partner level determinations" under section 6230(a)(2)(A). Such characterization would necessitate that respondent, once the partnership proceeding is concluded, issue petitioner a notice of deficiency for additional deficiencies. See *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741,

---

[1]Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 648. Under TEFRA, new rules were adopted to govern the determination of the treatment of partnership items and resulting adjustments, both at the administrative and judicial levels.

744-745 (1987). Petitioner contends that receipt of such notice would enable him to file a petition with the Tax Court, thereby providing him with the only available forum in which to raise an innocent spouse defense with respect to partnership items.

Respondent, in her motion for entry of decision, argues that: (1) The Court does not have jurisdiction in this deficiency proceeding to consider the issue of whether respondent is required to issue petitioner an "affected items" notice of deficiency at the conclusion of a TEFRA partnership audit, and (2) in the alternative, respondent is not required to issue petitioner a notice of deficiency at the conclusion of a TEFRA partnership audit because the innocent spouse defense is not an affected item which requires a partner level determination.

## Discussion

To the extent that petitioner is seeking relief from liabilities attributable to partnership items, the Court lacks jurisdiction. It is well settled that the Court cannot decide partnership or affected items in a proceeding for redetermination of deficiencies attributable to nonpartnership items. See *Trost v. Commissioner,* 95 T.C. 560 (1990); *Maxwell v. Commissioner,* 87 T.C. 783 (1986). The unified partnership procedures (subchapter C of chapter 63) were added to the Code by section 402 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 648. By enacting the TEFRA partnership audit and litigation procedures, Congress created a method for uniformly adjusting items of partnership income, loss, deduction, or credit that affect each partner. A partner's tax liability attributable to partnership items is now determined at the partnership level, separate from the proceedings for determining deficiencies attributable to nonpartnership items. The conference report, H. Conf. Rept. 97-760, at 611 (1982), 1982-2 C.B. 600, 668, states:

Existing rules relating to administrative and judicial proceedings, statutes of limitations, settlements, etc., will continue to govern the determination of a partner's tax liability attributable to nonpartnership income, loss, deductions, and credits. Neither the Secretary nor the taxpayer will be permitted to raise nonpartnership items in the course of a partnership proceeding nor may partnership items, except to the extent they become nonpartnership items under the rules, be raised in proceedings relating to nonpartnership items of a partner.

In *Maxwell v. Commissioner, supra* at 788, we reviewed the legislative history and statutory pattern of the TEFRA provisions and stated:

the portion of any deficiency attributable to a "partnership item" cannot be considered in the partner's personal case involving other matters that may affect his income tax liability. The "partnership items" must be separated from the partner's personal case and considered solely in the partnership proceeding. * * *

Petitioner's motion seeks to "preserve" his claim of innocent spouse as it relates to liability for partnership items, by requiring respondent to treat such claim as an affected item which requires partner level determination. There are two types of affected items. The first type is a "computational adjustment" made to reflect the change in a partner's tax liability resulting from partnership level adjustments. Sec. 6231(a)(6). In such a case, respondent need not issue a notice of deficiency to a partner at the conclusion of the partnership level proceeding because the deficiency determination is merely computational. Sec. 6230(a)(1); *N.C.F. Energy Partners v. Commissioner,* 89 T.C. 741, 744 (1987). The second type of affected item requires factual determinations to be made at the partner level and, with respect to such affected items, respondent is required to follow normal deficiency procedures. Sec. 6230(a)(2)(A)(i); *N.C.F. Energy Partners v. Commissioner, supra* at 744-745. Petitioner believes that if the adjustments resulting from an Ann-Larr partnership proceeding are characterized as computational adjustments, respondent may assess a deficiency without first issuing him a notice of deficiency, thereby preventing him from raising an innocent spouse defense with respect to the partnership items. Treating the adjustments as "affected items which require partner level determinations" would require respondent to issue petitioner a notice of deficiency and would allow petitioner to petition the Court to raise an innocent spouse defense. He further argues that treating his innocent spouse defense as an affected item is consistent with the Code and regulations.

Petitioner has recognized that the existing statutory scheme does not provide a prepayment forum for a taxpayer to raise the issue of innocent spouse relief with respect to a liability attributable to an investment in a TEFRA partnership or subchapter S corporation at the partnership level or subchap-

ter S corporation level. See *Dynamic Energy, Inc. v. Commissioner,* 98 T.C. 48 (1992). However, he has not circumvented the problem.

Both types of affected items are items whose existence or amount are dependent on a partnership item. Sec. 6231(a)(5). As we stated in *Maxwell v. Commissioner, supra* at 792: "Affected items depend on partnership level determinations, cannot be tried as part of the personal tax case, and must await the outcome of the partnership proceeding." Further, "affected items cannot be considered in the course of deciding petitioner's personal case without trespassing the line of demarcation drawn by Congress between the audit and litigation of partnership tax matters and the resolution of all other tax items of the partner." *Id.* at 793.

As the instant case relates to nonpartnership items, we can only relieve petitioner of liability with respect to the increased tax that results from nonpartnership adjustments. We lack jurisdiction to decide issues that relate to partnership or affected items. Petitioner's motion for entry of decision would have us resolve issues relating to the Ann-Larr partnership items. His claim that the Ann-Larr partnership items should be accorded affected items status so that he may raise an innocent spouse defense in a subsequent partner level proceeding is outside the realm of our jurisdiction in this deficiency proceeding. Only Congress can resolve petitioner's dilemma. Therefore, in this proceeding for redetermination of nonpartnership items, the Court cannot consider whether respondent is required to issue petitioner an "affected items" notice of deficiency at the conclusion of a partnership proceeding. Accordingly, we need not address respondent's second contention that petitioner's innocent spouse defense relating to the Ann-Larr partnership items is not an affected item which requires partner level determination.

Respondent's motion for entry of decision will be granted, and petitioner's motion for entry of decision will be denied.

*An appropriate order and decision will be entered.*