CHARVETTE MANN-HOWARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mann-Howard v. Commissioner
Docket No. 3385-91
United States Tax Court
T.C. Memo 1992-537; 1992 Tax Ct. Memo LEXIS 560; 64 T.C.M. (CCH) 717; September 14, 1992, Filed *560 P's now deceased husband (H), with whom she filed joint returns for the years before the Court, had investments in certain partnerships, including some TEFRA partnerships subject to secs. 6221- 6233, I.R.C. After H's death but before R issued the Notice of Final Partnership Administrative Adjustment (FPAA), P, acting for herself and for H as his surviving spouse and co-executor of his estate, agreed to R's proposed adjustments to the partnership items, filed amended returns, and paid the proposed deficiencies. Sec. 6231(b)(1)(C), I.R.C. Thereafter, R issued the FPAA and the tax matters partner petitioned this Court for judicial readjustment of the partnership items, which case is still pending. R then issued deficiency notices to P and H, determining various additions to tax attributable to the partnership items. P petitioned this Court for a redetermination of the additions and asserted an overpayment under sec. 6512(b), I.R.C., of the taxes she paid after H's death on the ground that she is an innocent spouse under sec. 6013(e), I.R.C. R moved to dismiss for lack of jurisdiction as to any portions of the petition that place in dispute "under any theory" the underlying deficiencies *561 on which the additions are based, asserting that only the additions are properly before the Court.
Held, the Court has jurisdiction to determine P's innocent spouse claim under sec. 6013(e), I.R.C., and any overpayment under sec. 6512(b), I.R.C., resulting from her innocent spouse claim as to the underlying undisputed deficiencies, such jurisdiction arising under the Court's general deficiency and overpayment jurisdiction. Estate of DiRezza v. Commissioner, 78 T.C. 19 (1982) and Woody v. Commissioner, 95 T.C. 193 (1990), followed and applied. For Petitioner: John J. Morrison. For Respondent: James R. McCann. PARKER
PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined the following additions to petitioner's Federal income taxes: Year
Sec. 6653(a) or (a)(1)
Sec. 6653(a)(2) [1]
Sec. 6659 [2] *562 Sec. 6661
1980
$ 80
*
$ 478
-- 1982
1,193
**
6,582
$ 481
1983
937
***
5,396
189
1984
355
****
1,129
833
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. This case is before the Court on Respondent's Motion to Dismiss for Lack of Jurisdiction. The issue for decision is whether this Court has jurisdiction to determine an overpayment by petitioner who claims to be an innocent spouse with respect to the underlying tax arising out of partnership items of her late husband upon which the additions to tax determined in the deficiency notices are based. FINDINGS OF FACT Petitioner, Charvette Mann-Howard, lived in Wilmette, Illinois, at the time this petition was filed. Petitioner and her late husband, Jerry Mann, filed joint Federal income tax returns for the years 1980, 1982, 1983, and 1984. During their marriage, petitioner's husband had invested in partnerships--Wilshire Literature and Barrister Equipment Associates Series 105 and 142. On January *563 18, 1984, petitioner and her husband signed a Form 872(C), Consent to Extend the Time to Assess Tax, agreeing to extend the time to assess tax for their 1980 taxable year until December 31, 1985. Respondent signed this form on February 13, 1984. On January 11, 1985, petitioner and her husband authorized accountants Benjamin B. Leaf and David B. Dahl to represent them before the Internal Revenue Service for individual income tax matters for the years 1976 through 1981. On January 24, 1985, the representative for petitioner and her husband accepted, on their behalf, respondent's out-of-pocket cash investment basis to settle the Wilshire Literature issue. On February 25, 1985, respondent sent petitioner and her husband a report of individual income tax examination changes for the 1980 taxable year. On March 13, 1985, petitioner and her husband, through their authorized representative, signed a closing agreement for 1979 and 1980 with respect to Wilshire Literature. This document was signed for respondent on March 27, 1985. The closing agreement provided that any loss from Wilshire Literature was deductible only in the year 1979. On March 13, 1985, petitioner and her husband, *564 through their authorized representative, also consented to immediate assessment and collection of $ 3,194 in additional taxes noted in the report of individual income tax changes for 1980. The adjustments increasing the tax related to the investment in Wilshire Literature. The closing agreement further provided that it did "not affect or preclude later adjustments of (to the extent permitted by law) any other item of income, gain, loss, deduction, or credit other than those arising from the above-named [Wilshire Literature] partnership". Jerry Mann died on November 25, 1987. On May 13, 1988, petitioner, for herself and as surviving spouse and co-executor of the estate of her late husband, authorized accountant Norman Nagel to represent her before the Internal Revenue Service for individual income tax matters for the years 1982 through 1987. In May 1988, after agreeing to proposed adjustments to partnership items, petitioner filed amended joint returns for 1982, 1983, and 1984 for herself and her deceased spouse. Petitioner signed these amended returns for herself and as surviving spouse of her late husband. In a letter accompanying these amended returns, petitioner, through *565 her authorized representative, paid tax deficiencies of $ 13,591 for 1982, $ 20,252 for 1983, and $ 10,423 for 1984. These amended returns and the increased taxes reflected thereon related to the two Barrister Equipment Associates partnerships. On the amended returns any loss was limited to the out-of-pocket cash investment for the first year and no further deductions thereafter, and any investment tax credit was eliminated. At the time petitioner filed these amended returns, one of the partnerships, Barrister Equipment Associates Series 105, was currently under audit and was being protested at the partnership level. In fact both Barrister Equipment Associates Series 105 (for the years 1982 and 1983) and Barrister Equipment Associates Series 142 (for the years 1983 and 1984), along with numerous other such TEFRA partnerships, are currently in litigation before this Court under the partnership audit and litigation provisions of subchapter C of chapter 63 of subtitle F of the Internal Revenue Code, sections 6221-6233. The tax matters partner for these TEFRA partnerships filed a petition for readjustment of partnership items on November 17, 1989, which is still pending in this Court. *566 Docket No. 27745-89. Petitioner filed these amended returns and paid the increased taxes before the partnership litigation began in 1989, and before the deficiency notices in the present cases were issued. On December 5, 1990, respondent issued to petitioner and her deceased husband a notice of deficiency for the year 1982. On January 28, 1991, respondent issued notices of deficiency for the years 1980 and 1983, and on January 29, 1991, issued a notice of deficiency for 1984. Respondent determined that petitioner and her deceased husband were liable for additions (for negligence, valuation overstatement, and substantial understatement) and increased interest on the negligence addition, attributable to the Barrister Equipment Associates partnerships. No further deficiency in income tax was determined because petitioner had already consented to the assessment of the additional tax and had paid the tax. On February 25, 1991, petitioner timely filed a petition in this Court. Petitioner claims, inter alia, that she should be relieved of liability because she was an innocent spouse with respect to each year, and therefore she overpaid her taxes in each year when she filed the amended *567 returns. Petitioner alleges that she-- erroneously filed amended returns with respect to each of the calendar years 1980, 1982, 1983 and 1984. Said amended returns erroneously reflected additional tax due relative to the underlying adjustments in this case. She erroneously paid the tax relative to each such return, not then realizing that she was an innocent spouse relative to each return in issue. Therefore, petitioner has overpaid her tax in each year and is entitled to a refund of each such overpayment. The record does not indicate that any amended return was filed for the year 1980. [3]
*568 Respondent has filed a Motion to Dismiss for Lack of Jurisdiction, requesting this Court to (1) dismiss those portions of the petition which place in issue under any theory the underlying deficiency upon which the additions to tax are based and (2) to strike from the petition any references pertaining to the underlying deficiency. OPINION We must first place the case into its factual setting and clarify what is and is not in dispute. Petitioner and her now deceased husband, Jerry Mann, filed joint income tax returns for each of the years before the Court. Jerry Mann (hereinafter the husband) had invested in certain partnerships, including some "TEFRA" partnerships subject to sections 6221-6233. [4] After the husband's death but before any Notice of Final Partnership Administrative Adjustment (FPAA) was issued to the tax matters partner, petitioner, acting for herself and as surviving spouse and co-executor of her husband's estate, accepted respondent's proposed adjustments to the husband's partnership items on their joint returns. Petitioner filed amended joint returns and paid the tax deficiencies proposed by respondent. Sec. 6231(b)(1)(C). Subsequently the FPAA was issued, *569 and the tax matters partner for Barrister Equipment Associates Series 105 and Barrister Equipment Associates Series 142, among numerous other such TEFRA partnerships, petitioned this Court for readjustment of the partnership items. That partnership case is still pending. Docket No. 27745-89. *570 Thereafter, respondent issued to petitioner and her deceased husband notices of deficiency determining additions to tax under sections 6653(a), 6659, and 6661, for negligence, valuation overstatement, and substantial understatement of tax, attributable to the Barrister Equipment Associates partnerships. Petitioner filed a petition, asking the Court to relieve her of any liability for these additions on the ground that she is an innocent spouse under section 6013(e). She also asks the Court to relieve her of liability for the underlying tax deficiencies as an innocent spouse and to determine an overpayment under section 6512(b) of the tax that she paid. Respondent has moved to dismiss for lack of jurisdiction those portions of the petition "which place in issue under any theory the underlying deficiency upon which the additions to tax, the only issues in this case, are based." Petitioner opposes that motion. Neither party challenges the Court's jurisdiction to redetermine additions to tax where the notices of deficiency do not "determine" any additional amount of tax owing (i.e., "deficiencies"), those proposed "deficiencies" having been paid before the notices of deficiency were *571 issued. It is well established that the Court does have jurisdiction over such additions-only notices of deficiency. Sec. 6662(a) (now sec. 6665(a)); [5]Barton v. Commissioner, 97 T.C. 548 (1991) (Court reviewed); Woody v. Commissioner, 95 T.C. 193 (1990); Judge v. Commissioner, 88 T.C. 1175 (1987); Estate of DiRezza v. Commissioner, 78 T.C 19 (1982) (Court reviewed).
*572 Petitioner is seeking to be relieved of any liability for these additions as an innocent spouse within the meaning of section 6013(e). Respondent agrees that the Court has jurisdiction to redetermine the correctness of the additions and to determine petitioner's innocent spouse status as to these additions to tax. It is not wholly clear whether petitioner is even challenging the additions on the merits separate and apart from her innocent spouse claim. In any event, the Court has jurisdiction over both aspects. The problem, as respondent sees it, is the additional tax that was paid before the notices of deficiency were issued. Pointing to a certain line of cases, respondent argues broadly that when the deficiency has been paid before the notice of deficiency is issued, the Court has no jurisdiction. McConkey v. Commissioner, 199 F.2d 892 (4th Cir. 1952), affg. an Order of this Court; Estate of Crawford v. Commissioner, 46 T.C. 262 (1966); Walsh v. Commissioner, 21 T.C. 1063 (1954); Anderson v. Commissioner, 11 T.C. 841 (1948). Those cases are distinguishable on their facts. In each case, the Commissioner *573 issued a notice of deficiency for amounts that had already been paid. None of those cases involves the issues before the Court in this case. Those cases involved neither unpaid additions to tax as there were in Estate of DiRezza v. Commissioner, supra, and Judge v. Commissioner, supra, nor overpayment claims as there were in Barton v. Commissioner, supra, and Woody v. Commissioner, supra. Here there are involved not only unpaid additions to tax and an overpayment claim, but also an innocent spouse claim. The overpayment claim here is not one brought by the partner himself as in Barton and Woody, but an overpayment claim based upon and arising out of the other spouse's putative innocent spouse status. [6] As will be discussed below, we think Barton, Woody, and Estate of DiRezza support our jurisdiction in this case, and that the TEFRA partnership provisions do not require a different result. *574 The issue of jurisdiction in the instant case seems complicated because of sections 6221-6233, added by the Tax Equity and Fiscal Responsibility Act of 1982 (the TEFRA partnership provisions), governing the tax treatment of partnership items. See supra note 4. Congress enacted the TEFRA partnership provisions in order to provide "a method for uniformly adjusting items of partnership income, loss, deduction, or credit that affect each partner. Congress decided that no longer would a partner's tax liability be determined uniquely but 'the tax treatment of any partnership item [would] be determined at the partnership level.'" Maxwell v. Commissioner, 87 T.C. 783, 787 (1986). See also Carmel v. Commissioner, 98 T.C. 265 (1992). Section 6221 provides that "Except as otherwise provided in this subchapter, the tax treatment of any partnership item shall be determined at the partnership level." Section 6231(a)(3) defines "partnership item" as "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this *575 subtitle, such item is more appropriately determined at the partnership level than at the partner level." As opposed to "partnership items", there are also so-called "affected items". "The term 'affected item' means any item to the extent such item is affected by a partnership item." Sec. 6231(a)(5). The term "affected item"includes, among other things, additions to tax. Sec. 301.6231(a)(5)-1T(d)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). The parties' excursion into the byways of "partnership items" versus "affected items" is not dispositive. Respondent does not, and could not, argue that an innocent spouse claim is a "partnership item". It is not. It has nothing to do with items of partnership income, loss, deduction or credit that affect each partner. See Carmel v. Commissioner, supra; cf. Dynamic Energy, Inc. v. Commissioner, 98 T.C. 48 (1992). An innocent spouse claim is something that must be determined at the individual taxpayer level, similar to "affected items" such as the amount at risk ( Roberts v. Commissioner, 94 T.C. 853 (1990)), negligence ( N.C.F. Energy Partners v. Commissioner, 89 T.C. 741 (1987)), *576 or carrybacks ( Maxwell v. Commissioner, supra). Whether the innocent spouse defense is an "affected item" that requires a partner-level determination was left open in Carmel v. Commissioner, supra. However, no overpayment claim was advanced in that case. Also, in Carmel the deficiency notice covered only nonpartnership items, i.e., neither partnership items nor affected items. In essence, the taxpayer in that case asked the Court to direct the Commissioner to issue an "affected items" notice of deficiency at the conclusion of the partnership proceeding, something beyond the jurisdiction of this Court. In the instant case, respondent, in the notices of deficiency, determined additions to tax attributable to the husband's partnership items. Petitioner has paid the underlying undisputed tax deficiency and now asks the Court to determine an overpayment of that tax based on her asserted innocent spouse status. She also asks to be relieved of liability for the additions as an innocent spouse. Respondent addresses "partnership items" versus "affected items" in the present case in terms of the usual TEFRA partnership dichotomies *577 and timing. In the usual case the partnership item is determined at the partnership level, and once that item has been resolved (by settlement, a failure to petition for readjustment after the FPAA is issued, or by a final judicial readjustment of the partnership item), that determination is final and cannot be relitigated in any further proceeding at the partner level. Woody v. Commissioner, supra; Maxwell v. Commissioner, supra.Any notice of deficiency to the individual partner is usually issued after the partnership-level proceeding, and at that point any "affected items" are determined at the partner level. Respondent seems to suggest that that is the sequence that must be followed in this case, and that any overpayment can only be determined in a proceeding brought subsequent to the partnership proceeding. Respondent would be correct but for the fact that petitioner and her husband's estate settled the partnership items and are not parties to the partnership action. Sec. 6226(c), (d). There is no ongoing partnership action as to petitioner and her late husband. Compare Trost v. Commissioner, 95 T.C. 560 (1990), *578 where there was an ongoing partnership action and the partner was claiming an overpayment attributable to his not-yet-resolved partnership items. The case of Woody v. Commissioner, supra, involved a partner claiming an overpayment in a proceeding after settlement of the TEFRA partnership adjustments. See section 6230(d)(6) which provides that "Subchapter B of chapter 66 (relating to limitations on credit or refund) shall not apply to any credit or refund of an overpayment attributable to a partnership item (or an affected item)." See also section 6512(a)(4) where once a petition is filed in this Court, no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except "As to overpayments attributable to partnership items, in accordance with subchapter C of chapter 63 [the partnership provisions]". We will first discuss the overpayment claims that have been made by partners subsequent to TEFRA partnership proceedings. Barton v. Commissioner, supra, involved increased interest under section 6621(c) (now repealed), which imposed interest on substantial underpayments of tax attributable to a tax-motivated *579 transaction. In Barton the Commissioner, following the partnership-level proceeding, assessed the tax attributable to the partnership items, and increased interest under section 6621(c). The taxpayers paid the tax and increased interest. The Commissioner then issued an affected items deficiency notice to the taxpayers, determining only additions to tax under sections 6653, 6659, and 6661 attributable to the partnership items. Increased interest under section 6621(c), unlike those additions to tax, normally would not be treated as tax for purposes of our deficiency jurisdiction. See supra note 5. See also White v. Commissioner, 95 T.C. 209 (1990). The taxpayers petitioned the Court for redetermination of the additions and also claimed an overpayment under section 6512(b)(1) in regard to the increased interest they had paid. In a Court-reviewed opinion, we held that in the exercise of our jurisdiction to determine whether an overpayment exists and the amount of any such overpayment, we may determine***[the taxpayers'] liability for increased interest under section 6621(c). Barton v. Commissioner, 97 T.C. at 555. In Woody v. Commissioner, supra, *580 the taxpayer and the Commissioner executed a settlement agreement with respect to guaranteed payments received by the taxpayer from various partnerships. Although other partners received guaranteed payments, the settlement agreement did not identify the general partner to whom the payments were made. The Commissioner made adjustments to the taxpayer's individual income to include the full amount of the guaranteed payments without adjustment for the amounts already reported on the taxpayer's return. The Commissioner then sent affected items notices of deficiency to the taxpayer determining only additions to tax under section 6661. The taxpayer filed a petition in this Court alleging overpayment of tax and claiming deductions for activities connected with managing the partnerships. The Commissioner filed a motion to dismiss for lack of jurisdiction on the ground that the guaranteed payment was a partnership item and, because the taxpayer did not file a section 6226(f) petition for readjustment, the taxpayer's only remedy was to file a claim for refund in the District Court or the Claims Court. We rejected the Commissioner's argument. As we noted in Woody v. Commissioner, 95 T.C. at 201-202, *581 there are two types of affected items -- those requiring only computational adjustments to reflect changes in a partner's tax liability resulting from the partnership level adjustments and those that are dependent upon factual determinations relating to an adjustment at the partner level. See also sec. 6231(a)(6); Carmel v. Commissioner, supra.Pursuant to section 6230(a)(1), respondent need not issue a notice of deficiency for the first type of affected items. [7] For the second type, however, respondent must issue a notice of deficiency at the end of the partnership proceedings and follow normal deficiency procedures. Sec. 6230(a)(2). In concluding that section 6661 additions to tax are of the second type of affected items, we reasoned that "Our factual determination in such cases may include determining the correctness of the addition to tax with reference to the entire understatement." Woody v. Commissioner, supra at 202 (citing sec. 301.6231(a)(5)-1T(d), Proced. & Admin. Regs.; Saso v. Commissioner, 93 T.C. 730 (1989)). *582 The issue in Woody was identical to the issue in this case: "whether the pendency of a valid proceeding to contest the additions to tax invokes our jurisdiction, under section 6512(b), to determine an overpayment resulting from an item over which we otherwise would have no jurisdiction." Woody v. Commissioner, 95 T.C. at 203. Under section 6512(a)(4), if a taxpayer files a timely petition with this Court, he or she cannot file a claim for credit or refund in another court for the same taxable year unless the suit is instituted "As to overpayments attributable to partnership items, in accordance with subchapter C of chapter 63 [the TEFRA partnership provisions]." This provision allows a taxpayer to bring a separate refund action in another court, but does not require a taxpayer to bring such separate refund action if this Court otherwise has jurisdiction and can consider the overpayment claim. See Harris v. Commissioner, 99 T.C.    (filed July 28, 1992). Under our overpayment jurisdiction, we held in Woody v. Commissioner, supra, that, while the partnership items (the guaranteed payments) could not be relitigated, both the *583 additions to tax attributable to the partnership items and the other items affecting the overpayment claim may be litigated in this Court. The other items affecting the overpayment claim were (1) the portions of the guaranteed payments that had already been reported on the tax return as filed and (2) additional deductions claimed to offset the increased amount of guaranteed payments determined at the partnership level.
As in Woody, respondent here relies on section 6511(g), which provides "In the case of any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (as defined in section 6231(a)(3)), the provisions of section 6227 and subsections (c) and (d) of section 6230 shall apply in lieu of the provisions of this subchapter [subchapter B of chapter 66 dealing generally with limitations on credit or refund of an overpayment of tax]." We have previously found that the purpose of section 6511(g) is to extend the period of limitations on claims arising out of partnership proceedings beyond the time limits otherwise applicable because claims arising out of partnership proceedings must await conclusion of those proceedings. There is *584 no indication that section 6511(g) was intended to override the jurisdictional provisions of section 6512(b)(1) or (2) or other parts of subchapter B, which set forth the general deficiency procedures over which this Court has jurisdiction. Woody v. Commissioner, 95 T.C. at 205. See also Harris v. Commissioner, supra.
Normally in an innocent spouse claim in this Court, the spouse is seeking to be relieved of liability for a tax that has not yet been paid. If that were the posture of this case, and if petitioner were seeking to be relieved as an innocent spouse of liability for a tax yet to be paid and a tax attributable to a partnership item yet to be determined, we would agree with respondent that that determination would have to await completion of the proceeding at the partnership level. See Carmel v. Commissioner, supra; Harris v. Commissioner, supra. That is what is contemplated by section 6230(d)(6), section 6511(g), and section 6512(a)(4) discussed above. But those sections are not implicated here. Petitioner and her husband's estate having settled the partnership items, they are no longer parties to any *585 partnership action, and their partnership items have become "nonpartnership items" under section 6226(d)(1)(A). Petitioner is claiming an overpayment of tax made by her, which she says she does not owe because she is an innocent spouse. She does not dispute that her late husband with whom she filed joint returns owed the tax, nor is she attempting to relitigate the amount of such tax. Petitioner does not challenge the liability of her late husband for the tax arising out of the partnership adjustments. As surviving spouse and as co-executor of his estate, she had agreed that her late husband owed the tax. Petitioner's whole innocent spouse claim is premised on the fact that her husband improperly understated income in regard to the partnership items on the returns as originally filed and that she did not know or have any reason to know of those understatements. On brief petitioner states explicitly that Contrary to respondent's filings, petitioner is not seeking readjustment of any partnership items or partnership adjustments. Petitioner's innocent spouse theory presupposes that those partnership adjustments are correct. Petitioner does not challenge in any way the liability *586 of her late husband for the increased tax paid with the amended joint returns that she filed for them after his death. Therefore, we hold that we have jurisdiction over her innocent spouse and overpayment claims under our general deficiency jurisdiction over her innocent spouse claim as to the unpaid additions to tax and her overpayment claim as an innocent spouse attributable to the undisputed deficiencies in tax which she paid. As we held, in the Court-reviewed opinion in Estate of DiRezza v. Commissioner, 78 T.C. at 30:
Such a liability [i.e., agreed to by the taxpayer] is unquestionably subject to the deficiency procedures, including section 6213(d) [waiver of restrictions on assessment of a deficiency]. Accordingly, the addition attributable thereto is also subject to those procedures. The fact that the additional tax liability is assessed pursuant to a waiver prior to the issuance of the statutory notice is therefore irrelevant. What is relevant is the fact that the addition is attributable to tax which has been subjected to the deficiency procedures rather than to the tax shown on the return. Here both the unpaid additions and the overpayment claim *587 for tax deficiencies already paid are attributable to tax subjected to the deficiency procedures rather than to the tax shown on the return. We thus have jurisdiction over both under our general deficiency and overpayment jurisdiction. Estate of DiRezza v. Commissioner, supra; Woody v. Commissioner, 95 T.C. at 205. To the extent that petitioner paid her deceased husband's tax liability with the funds of his estate, she cannot claim that she has made an overpayment of tax even if she establishes that she is an innocent spouse under section 6013(e). In other words, innocent spouse relief is only available as to any tax she paid with her own funds. Busse v. United States, 542 F.2d 421, 427 (7th Cir. 1976). At trial petitioner will have an opportunity to prove her innocent spouse status and to establish whether some part or all of the tax payments claimed as overpayments were paid by her with her own separate funds. [8]
*588 In summary, since we have concluded that the underlying deficiencies are not in dispute in this case under any theory, it would seem unnecessary to act on respondent's motion to dismiss those portions of the petition "which place in issue under any theory the underlying deficiency upon which the additions to tax ***are based." However, the omitted parenthetical language in respondent's prayer for relief -- "the only issues in this case" -- is incorrect and does bring into question our jurisdiction in the matter. The innocent spouse claim and the overpayment claim are issues properly before the Court, and we conclude that we have jurisdiction over these claims. Accordingly, respondent's motion will be denied. An appropriate order will be issued. Footnotes
1. The addition under sec. 6653(a)(2) for the year 1980 appears to be without statutory authority. ↩
2. The addition under sec. 6659 for the year 1980 appears to be without statutory authority.↩
*. 50 percent of the interest due on $ 1,592 ↩
**. 50 percent of the interest due on $ 23,864 ↩
***. 50 percent of the interest due on $ 18,743 ↩
****. 50 percent of the interest due on $ 7,096↩
3. While the petition alleges, and petitioner argues on brief, that an amended return was filed for 1980 and that additional tax was paid by petitioner for that year, the limited record now before the Court does not show that to be the fact. If the facts are otherwise, petitioner can develop the evidence at trial. The Court's record does not contain a copy of any amended joint return for the taxable year 1980. Also the Power of Attorney and Declaration of Representative Form (Form 2848) that petitioner signed for herself and for her husband as surviving spouse and co-executor of his estate covered tax returns (Forms 1040) only for the years 1982-1987. Moreover, that representative's cover letter forwarding the amended joint returns and the payments made by petitioner refers only to amended returns and payments for the years 1982-1986.↩
4. Sec. 402(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) added subchapter C of chapter 63 of subtitle F (secs. 6221-6233) to the Internal Revenue Code to provide that the tax treatment of partnership items is to be determined at the partnership level. Pub. L. 97-248, 96 Stat. 324, 648. These TEFRA partnership provisions were made applicable to partnership taxable years beginning after September 3, 1982, and to any partnership taxable year ending after September 3, 1982, if application therefor was duly made and approved. Thus, the taxable year 1980 involved in this case does not appear to come within these TEFRA partnership provisions. While the parties' pleadings and briefs do not provide any clarification as to the taxable year 1982, the Court takes judicial notice that there is a pending partnership case covering Barrister Equipment Associates Series 105 for the years 1982 and 1983 and Barrister Equipment Associates Series 142 for the years 1983 and 1984, in which the husband had invested. Docket No. 27745-89. Thus, it appears that the TEFRA partnership provisions either apply to the 1982 year or that application for such treatment has been made and approved. In any event, for reasons that will appear in the opinion below, the result here will be the same whether or not the particular year is governed by these TEFRA partnership provisions.↩
5. Sec. 6665 was formerly sec. 6662, which was formerly sec. 6660, which was formerly sec. 6659. Sec. 722(a)(1) of the Economic Recovery Tax Act of 1981 (ERTA) redesignated sec. 6659 as sec. 6660 applicable to returns filed after 12-31-81. Sec. 722(a)(1), Pub. L. 97-34, 95 Stat. 172, 341. Sec. 323(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) redesignated sec. 6660 as sec. 6662 applicable to returns the due date (determined without regard to extensions) for filing of which was after 12-31-82. Sec. 323(a), Pub. L. 97-248, 96 Stat. 324, 613. Sec. 7721(a) of the Omnibus Budget Reconciliation Act of 1989 (OBRA) redesignated sec. 6662 as sec. 6665 applicable to returns the due date (determined without regard to extensions) for filing of which was after 12-31-89. Sec. 7721(a) and (d), Pub. L. 101-239, 103 Stat. 2340, 2399.↩
6. Under the TEFRA partnership provisions, a spouse filing a joint return with a husband who is a partner in a TEFRA partnership could herself be considered a "partner". Sec. 6231(a)(2)(B)↩. However, that the spouse is not the one who invested in the challenged partnership may well be a factor to be taken into account in an innocent spouse claim.
7. Sec. 6230(a)(1) provides: "Except as provided in paragraph (2), subchapter B of this chapter [63] shall not apply to the assessment or collection of any computational adjustment."↩
8. There are also statutory limits under section 6512(b)(3)↩ and section 6511 on the amount of any overpayment that can be credited or refunded depending on the date of payment. However, these matters may affect the amount of any recovery by petitioner but do not go to our jurisdiction, the only issue now before the Court.