T.C. Memo. 2002-138

UNITED STATES TAX COURT

MICHAEL BUCHSBAUM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5379-98.                    Filed May 31, 2002.

Michael Buchsbaum, pro se.

<u>Ric D. Hulshuff</u> and <u>Lorraine Wu</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes and additions to tax as
follows:

|      |            | Additions to tax |            |
| Year | Deficiency | Sec. 6651(a)(1)  | Sec. 6654  |
|------|------------|------------------|------------|
| 1991 | $1,504     | $376             | --         |
| 1992 | 90,846     | 22,567           | $3,937     |
| 1993 | 28,820     | 7,213            | 1,209      |

The parties have settled all issues except whether petitioner incurred a loss in any year in issue from Arcanum One Partners (Arcanum), a New York limited partnership, and, if so, the amount of the loss.

By stipulation of settled issues, the parties agreed to the amount of petitioner's deficiencies in tax for 1991, 1992, and 1993, and additions to tax for those years. The parties also stipulated that any loss that petitioner may have incurred from Arcanum will offset the stipulated deficiencies. After concessions, the issues for decision are:

1. Whether petitioner is bound by the stipulation of settled issues. We hold that he is.

2. Whether we have jurisdiction to decide whether petitioner incurred a loss from Arcanum. We have jurisdiction if Arcanum is a small partnership under section 6231(a)(1)(B) and thus excepted from the unified partnership procedures. We hold that we lack jurisdiction because Arcanum is not a small partnership.

Section references are to the Internal Revenue Code in effect for the applicable years. Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A. Petitioner

Petitioner was incarcerated in Florence, Colorado, when he filed the petition in this case. He resided in California before and after his incarceration.

Petitioner devised a scheme to obtain funds fraudulently from certain individuals from 1991 to 1993. He falsely represented to these individuals that members of his family needed emergency medical care and that he could not pay their medical expenses. He did not repay or ever intend to repay the funds he received from those individuals. Petitioner received $115,000 in 1991, $246,833 in 1992, and $48,800 in 1993 as a result of this scheme. Petitioner did not file income tax returns for 1991, 1992, or 1993.

B. Arcanum

Arcanum was established as an investment partnership on February 4, 1981. Petitioner was Arcanum's sole general partner and one of its limited partners in the years in issue.

Petitioner signed Arcanum's Form 1065, U.S. Partnership Return of Income, for 1990. He checked a box on Arcanum's return

indicating that it was not subject to TEFRA partnership procedures. Secs. 6221-6233. Arcanum attached to its return 10 Schedules K-1, Partner's Share of Income, Credits, Deductions, etc. One Schedule K-1 identified the partner as "Arthur Stern Jr. Account #2". Line C of that Schedule K-1 states that Arthur Stern Jr. Account #2 is a trust. Another K-1 identified the partner as "Stuart D. Grodd IRA Account". Line C of that Schedule K-1 states that Stuart D. Grodd IRA Account is an IRA. The other 8 partners were individuals.

On October 9, 1992, Arcanum filed a petition with the Bankruptcy Court for the Northern District of California under Chapter 11 of the U.S. Bankruptcy Code. Charles E. Sims (Sims) was the trustee for Arcanum's bankruptcy estate. Arcanum did not file partnership returns for 1991 or 1992. On December 9, 1993, the bankruptcy court granted Arcanum's motion to convert its Chapter 11 proceeding to a Chapter 7 proceeding. Sims signed and filed Arcanum's 1993 partnership return in May 1995. He indicated on the return that Arcanum was not subject to the TEFRA partnership procedures. Attached to Arcanum's 1993 partnership return were 7 Schedules K-1, one of which identified the partner as "Stuart D. Grodd IRA Account", an IRA.

Respondent determined deficiencies in petitioner's Federal income taxes for 1991, 1992, and 1993, and additions to tax under sections 6651(a)(1) and 6654 for those years. Respondent did not

determine any deficiencies based on adjustments to partnership items.  Petitioner filed a petition in which he contended, among other things, that he had incurred a loss from Arcanum, which would offset the deficiencies determined.

The parties filed a stipulation of settled issues about 1 year before trial.  In it, the parties stipulated that petitioner is liable for the following:

    1.  Subject to the provisions of paragraph 4, below, there are deficiencies in income tax due from petitioner in the amounts of $31,804.00, [$]71,964.00, and [$]9,747 for the taxable years 1991, 1992, and 1993, respectively.  It is further stipulated that respondent claims an increased deficiency in income tax for the taxable year 1991 in the amount of $30,300.00, pursuant to the provisions of I.R.C. § 6214(a).

    2.  Subject to the provisions of paragraph 4, below, petitioner is liable for delinquency penalties under I.R.C. § 6651(a)(1) in the amounts of $7,771.00, $17,991.00, and $2,436.75 for taxable years 1991, 1992, and 1993, respectively.  It is further stipulated that respondent claims an increased delinquency penalty for the taxable year 1991 in the amount of $7,395.00, pursuant to the provisions of I.R.C. § 6214(a).

    3.  Subject to the provisions of paragraph 4, below, petitioner is liable for estimated tax penalties under I.R.C. § 6654 in the amounts of $1,776.47, $3,138.77, and $408.38 for taxable years 1991, 1992, and 1993, respectively.  It is further stipulated that respondent claims an increased estimated tax penalty for the taxable year 1991 in the amount of $1,776.47, pursuant to the provisions of I.R.C. § 6214(a).

    4.  This stipulation resolves all issues in the case with the exception of the issues raised by petitioner in his petition, to wit, whether petitioner has incurred a loss from Arcanum One Partners, a New York limited partnership, in any year at issue, which

would be required to be offset against the deficiency amounts set forth above, and if so, the amount of any such loss for each year.

OPINION

A.   Whether Petitioner Is Bound by the Stipulation of Settled Issues

At trial, petitioner moved that he not be bound by the stipulation of settled issues because the amounts to which he agreed were incorrect.  He contended that the settlement did not take into account payments that he claims he made to the Fireman's Fund in 1986 in the amount of $677,000 and in January 1997 in the amount of $300,000.[1]

We denied petitioner's motion at trial because respondent would have been prejudiced if we did not enforce the stipulation. Respondent relied on the settlement as shown by the fact that, in the pretrial memo, respondent listed no witnesses for trial; in contrast, respondent had listed 10 witnesses in a prior pretrial memo filed before the parties signed the stipulation of settled issues.

General principles of contract law govern the compromise and settlement of Federal tax cases.  Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 329-330 (1997), affd. 208 F.3d 205 (3rd Cir. 2000).  We enforce a stipulation of settled issues

---

[1]  Petitioner testified that he paid $300,000 to Magistrate Hamilton's court (not otherwise identified in the record). However, he did not indicate that the payment was for Arcanum or why he paid this amount after its bankruptcy case had closed.

unless wrongful misleading conduct or mutual mistake is shown, Stamm Intl. Corp. v. Commissioner, 90 T.C. 315, 321-322 (1988), or unless justice requires that we relieve a party of the stipulation, Rule 91(e); Korangy v. Commissioner, 893 F.2d 69 (4th Cir. 1990), affg. T.C. Memo. 1989-2; Adams v. Commissioner, 85 T.C. 359, 375 (1985).

Petitioner did not contend on brief that he should not be bound by the stipulation of settled issues. Thus, we deem that issue to be waived. State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994); Burbage v. Commissioner, 82 T.C. 546, 547 n.2 (1984), affd. 774 F.2d 644 (4th Cir. 1985); Wolf v. Commissioner, T.C. Memo. 1992-432, affd. 13 F.3d 189 (6th Cir. 1993).

Even if petitioner still sought relief from the stipulation of settled issues, he would not prevail because he has not shown that manifest injustice will result if we enforce the stipulation of settled issues or that the settlement was the result of mutual mistake. We conclude that petitioner is bound by the stipulation of settled issues.

B. Whether We Have Jurisdiction To Decide Whether Petitioner Incurred Losses From Arcanum

1. TEFRA Partnership Procedures

Respondent contends that we lack jurisdiction to decide whether petitioner incurred losses from Arcanum because, respondent contends, Arcanum is subject to the unified

partnership procedures.  Secs. 6221-6233; see Tax Equity & Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 401(a), 96 Stat. 648.

Under the TEFRA partnership procedures, the tax treatment of items of income, loss, deductions, and credits is determined in partnership-level proceedings rather than in separate proceedings involving each partner.  Sec. 6221; H. Conf. Rept. 97-760, at 599, (1982), 1982-2 C.B. 600, 662.

Petitioner's claimed loss from Arcanum is a partnership item, sec. 6231(a)(3); Sente Inv. Club Pship. of Utah v. Commissioner, 95 T.C. 243, 247 (1990); Maxwell v. Commissioner, 87 T.C. 783, 790 (1986); and must be decided in a partnership proceeding, Carmel v. Commissioner, 98 T.C. 265, 267 (1992); Trost v. Commissioner, 95 T.C. 560, 563 (1990); Maxwell v. Commissioner, supra at 787-788, unless Arcanum is exempt from TEFRA as a small partnership under section 6231(a)(1)(B).

2.  Small Partnership Exemption

Partnerships with 10 or fewer partners, each of whom is a natural person or an estate and none of whom is a pass-thru partner, e.g., a partnership or trust, are exempt from the TEFRA partnership procedures.  Sec. 6231(a)(1)(B), (a)(9).  Petitioner contends that Arcanum is not subject to the TEFRA procedures because it was a small partnership for purposes of section 6231(a)(1)(B).

Respondent contends that Arcanum was not a small partnership for purposes of section 6231(a) because Arcanum's partners Arthur Stern Jr. Account # 2 and Stuart D. Grodd IRA Account were trusts. Respondent points out that Arcanum's 1990 return included a Schedule K-1 for a trust named Arthur Stern Jr. Account # 2, and that Arcanum's 1990 and 1993 returns each included a Schedule K-1 for Stuart D. Grodd IRA Account, which was identified as a trust on the Schedules K-1.

Since petitioner contends that we have jurisdiction to decide whether Arcanum had partnership losses, he must prove by a preponderance of the evidence that jurisdiction exists, Irwin v. VA, 874 F.2d 1092, 1096 (5th Cir. 1989), affd. 498 U.S. 89 (1990); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); La. Naval Stores, Inc. v. Commissioner, 18 B.T.A. 533, 536-537 (1929), that is, that each of Arcanum's partners was an individual or an estate.

Petitioner points out that Arcanum checked a box on its 1990, 1993, and 1994 returns indicating that it was not subject to the TEFRA partnership procedures and contends that the returns establish that fact. We disagree. Tax returns do not establish the truth of the facts stated in them. Lawinger v. Commissioner, 103 T.C. 428, 438 (1994); Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974). However, statements in a tax return signed by the taxpayer are

admissions unless overcome by cogent evidence that they are wrong. <u>Waring v. Commissioner</u>, 412 F.2d 800, 801 (3d Cir. 1969), affg. per curiam T.C. Memo. 1968-126; <u>Estate of Hall v. Commissioner</u>, 92 T.C. 312, 337-338 (1989); <u>Lare v. Commissioner</u>, 62 T.C. 739, 750 (1974), affd. without published opinion 521 F.2d 1399 (3d Cir. 1975).

Arcanum's 1990 and 1993 returns included Schedules K-1 which identified two of its partners as trusts: Arthur Stern Jr. Account # 2 and Stuart D. Grodd IRA Account. Petitioner signed Arcanum's 1990 return. Thus, Arcanum's 1990 return is an admission by petitioner that two of Arcanum's partners were not individuals in 1990. Schedules K-1 for both of those partners are attached to Arcanum's 1993 return. We infer that not all of Arcanum's partners were individuals or estates in 1991, 1992, or 1993. Petitioner has not shown that all of Arcanum's partners were natural persons or estates. Thus, we conclude that Arcanum was not a small partnership under section 6231(a)(1)(B). As a result, we lack jurisdiction to decide whether petitioner incurred a loss from Arcanum in the years in issue.

Due to concessions of the parties and for reasons stated above,

<u>Decision will be entered under Rule 155</u>.