JAMES R. FLEMING AND PATRICIA M. FLEMING, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56590.    Filed November 27, 1959.

*John M. Barksdale, Esq.*, for the petitioners.
*Earl C. Crouter, Esq.*, for the respondent.

### OPINION.

RAUM, *Judge:* Petitioners are husband and wife residing in River Forest, Illinois. On or before March 15, 1952, they filed a joint income tax return for the calendar year 1951 with the collector of internal revenue for the first collection district of Illinois, at Chicago. The facts have been stipulated and are not in dispute.

In 1951 Patricia M. Fleming, petitioner, was a partner in Milky Way Hereford Ranch, entitled to share in income and gains and obligated to bear losses to the extent of 26 per cent of such gains and losses. On separate Schedule D of their 1951 return, petitioners reported the amount of $45,379.48 as Patricia's distributive share of long-term capital gains realized by the partnership from the sale of cattle held for breeding purposes. On Schedule D, page 2 of their 1951 return, petitioners included in income net capital gains of $22,689.74, representing 50 per cent of the gains reported on separate Schedule D. In computing their 1951 tax liability by the alternative method, pursuant to the schedule appearing on the reverse side of separate Schedule D, petitioners made an error which resulted in the understatement of their tax liability by the amount of $7,591.56. The erroneous computation is set out in column (1) below, and the correct computation, as intended to be reported, is set forth in column (2) below:

(1) Enter the income from either line 5 (if separate return) or line 8(a) (if joint return), page 3, Form 1040

(2) If separate return, enter net long-term capital gain or excess of net long-term gain over net short-term capital loss (the gain in line 7 on other side less the sum of any losses in line 3 and 8(b); if joint return, enter one-half of such amount

(3) Balance (line 1 less line 2)

(4) Enter tax on amount on line 3

(5) If you are filing a joint return multiply amount on line 4 by two

(6) If separate return, enter 50% of amount on line 2; if joint return, enter full amount of line 2

(7) Enter amount from either line 4 or 5, whichever is applicable

(8) Alternative tax (line 6 plus line 7)

(9) Enter total normal tax and surtax from page 3, Form 1040 (line 7 or 8(c), whichever is applicable)

(10) Tax liability (line 8 or 9, whichever is smaller). Enter here and also on line 9, page 3, Form 1040

| | (1) | (2) |
|---|---|---|
| (1) | $99,615.84 | $99,615.84 |
| (2) | 22,689.74 | 11,344.87 |
| (3) | 76,926.10 | 88,270.97 |
| (4) | 48,175.40 | 57,643.615 |
| (5) | 96,350.80 | 115,287.23 |
| (6) | 22,689.74 | 11,344.87 |
| (7) | 96,350.80 | 115,287.23 |
| (8) | 119,040.54 | 126,632.10 |
| (9) | 134,923.56 | 134,923.56 |
| (10) | 119,040.54 | 126,632.10 |
| Amount by which column (2) exceeds column (1) | | 7,591.56 |

As may be seen from the above comparison, petitioners' error occurred in line (2) of the alternative tax computation and was perpetuated in lines (3) through (10). Having filed a joint return, petitioners correctly entered one-half their joint income on line (1) of the computation schedule. On line (2), however, petitioners erroneously entered the full amount of their net capital gains previously included in joint income, instead of entering "one-half of such amount" as required by the accompanying directions in the case of a joint return. The purpose of line (2) is to provide for the separation of the capital gains element included in line (1) from the ordinary income element included therein. Inasmuch as line (1), in the case of a joint return, represents only one-half of joint income, only one-half of the net capital gains theretofore included in joint income should be subtracted therefrom. Entrance of the full amount of such net gains in line (2) therefore resulted in an erroneous balance in line (3) which is computed by subtracting line (2) from line (1), and similarly resulted in an erroneous computation in lines (4) and (5) of tax on the ordinary income element of petitioners' joint income. The amount by which this tax was understated is $18,936.43, the difference between the correct computation on line (5) ($115,287.23) and the computation shown on the return ($96,350.80). Having erroneously entered too large a figure in line (2) for purposes of computing tax on the ordinary

income element of joint income, petitioners repeated that error in line (6) which represents the tax on net capital gains included in joint income. The amount of this error is $11,344.87, the difference between the line (6) figure shown on the return ($22,689.74) and the correct figure ($11,344.87). The net error in petitioners' computation of tax liability is $7,591.56, the amount by which tax on ordinary net income was understated ($18,936.43) less the amount by which the tax on capital gains was overstated ($11,344.87).

In a statutory notice dated December 23, 1954, respondent determined a deficiency in petitioners' income tax for 1951 in the amount of $30,577.66. The principal item in the adjustment in respondent's notice of deficiency related to the reclassification of gain on sale of certain partnership cattle as ordinary income rather than as capital gain. In accordance with that adjustment, respondent increased Patricia's distributive share of the ordinary net income of the partnership by the amount of $36,800.77, and decreased the net capital gains theretofore included in petitioners' income by $18,387.39, leaving adjusted net capital gains of $4,302.35. In computing petitioners' adjusted tax liability, based on the aforementioned adjustments in ordinary net income and net capital gains, respondent also employed the alternative tax method, but did so in a technically correct fashion.

Thus, although the deficiency notice did not single out the error in the computation on petitioners' return, the Commissioner's accurate computation, after reclassifying certain gains as ordinary income, in effect corrected the error in computation, and the resultant deficiency ($30,577.66) determined by the Commissioner automatically included the amount ($7,591.56) by which the petitioners had miscomputed their liability on their return.

On March 2, 1955, petitioners filed their petition challenging the aforementioned deficiency. The issues joined by the petition and respondent's answer, filed April 21, 1955, related solely to the proper characterization of the partnership gains realized upon the sale of certain cattle. Neither petitioners nor respondent made any express allegation concerning the error in computation apparent on the face of petitioners' return.

The case was finally set for trial on March 25, 1957. On that date, however, petitioners and respondent filed a joint motion for continuance which the Court granted in the expectation that additional negotiations and computations would result in an agreed settlement.

On February 2, 1959, and February 19, 1959, respectively, petitioners and respondent filed amendments to their pleadings informing the Court (1) that the parties had "stipulated and agreed that

a deficiency of $12,643.70 is due for the taxable year 1951 on account of the issues raised in the original petition and answer filed in this case"; (2) that respondent however, claimed "additional tax" to be due in the amount of $7,591.56, based on the error appearing on the face of petitioners' 1951 return; and (3) that petitioners pleaded the 3-year statute of limitations provided in section 275(a) of the Internal Revenue Code of 1939 "as a bar to the assessment and collection, or recovery in this case, of any additional amount of tax * * * on account of said mathematical error." We must now dispose of the issue raised by the amended pleadings.

We agree with respondent that his claim for "additional tax" based on the error committed by petitioners in their 1951 return is not barred by the 3-year statute of limitations on assessments, set forth in section 275(a). This Court acquired jurisdiction pursuant to the applicable statutory provisions. Respondent issued a timely notice of deficiency in the amount of $30,577.66 which included the "additional tax" of $7,591.56 then due and owing on account of petitioners' error in computation. The $7,591.56 referred to in the amended pleadings is not an "additional tax" at all. It is part of the deficiency originally determined within the 3-year period. After making the adjustment required by reclassifying certain gains as ordinary income as well as certain other adjustments no longer in controversy, the Commissioner then correctly determined the deficiency in accord with the requirements of section 271(a), I.R.C. 1939, which defines a deficiency as "the amount by which the tax imposed by this chapter exceeds * * * the amount shown as the tax by the taxpayer upon his return." A valid and timely deficiency notice having been issued, petitioners were entitled to and did file a petition with this Court within 90 days after the mailing of the notice, as provided in section 272(a)(1), and we thereby acquired jurisdiction.

Petitioners argue that the mailing of the deficiency notice did not suspend the running of the statute of limitations. They contend that section 272(f), I.R.C. 1939,[1] permits the Commissioner to

---

[1] SEC. 272. PROCEDURE IN GENERAL.

(f) FURTHER DEFICIENCY LETTERS RESTRICTED.—If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition with the Board within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subsection (e) of this section, relating to assertion of greater deficiencies before the Board, or in section 273(c), relating to the making of jeopardy assessments. If the taxpayer is notified that, on account of a mathematical error appearing upon the face of the return, an amount of tax in excess of that shown upon the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical error, such notice shall not be considered (for the purposes of this subsection, or of subsection (a) of this section, prohibiting assessment and collection until notice of deficiency has been mailed, or of section 322(c), prohibiting credits or refunds after petition to the Board of Tax Appeals) as a notice of

assess and collect taxes attributable to mathematical errors at any time prior to 3 years from the date of filing the return, even subsequent to the issuance of the Commissioner's notice. If this is true, petitioners maintain, then section 277, I.R.C. 1939,[2] which provides for suspension of the running of the statute only for the period during which the Commissioner is prohibited from assessing and collecting, is inapplicable to the present case. We think that these provisions cannot be successfully employed on this record to defeat the assessment of a tax which petitioners plainly owe.

If the Commissioner's notice were limited to the correction of the error in computation, and if the error were to be treated as a "mathematical error" within the meaning of section 272(f)—an issue upon which we express no opinion—petitioners would be right. For section 272(f) makes clear that a notice merely correcting a "mathematical error" cannot serve as a statutory notice of deficiency from which an appeal may be taken to this Court, with the consequence that there would be no suspension of the running of the 3-year period of limitations. But here the notice was based primarily upon substantive items and the correction of the error in computation was merely incidental. The petitioners had a right to appeal to this Court, a right which they exercised. Cf. *Anna S. Richards*, 13 B.T.A. 1279. And the running of the period of limitations which was interrupted by the deficiency notice itself was further suspended by section 277 "in any event" by the docketing of this proceeding until our decision becomes final and for 60 days thereafter.

Accordingly, since the Commissioner's timely determination of deficiency was in accord with the statutory definition of a deficiency, as spelled out in section 271(a), it is clear that the filing of a timely petition in this case instituted "a proceeding in respect of the deficiency," as required by section 277, and the running of the statute was thereby suspended. Petitioners' claim of the statute of limitations must be rejected.

Our decision is also in accord with section 272(e) which gives this Court "jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency * * * and to determine whether any penalty,

a deficiency, and the taxpayer shall have no right to file a petition with the Board based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section.

[2] SEC. 277. SUSPENSION OF RUNNING OF STATUTE.

The running of the statute of limitations provided in section 275 or 276 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under section 272(a)) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final), and for sixty days thereafter.

additional amount or addition to the tax should be assessed—if claim therefore is asserted by the Commissioner at or before the hearing or a rehearing." The present case is even stronger than the one normally contemplated by section 272(e), for the amount presently in controversy would not produce a deficiency that is greater than the one originally determined by the Commissioner.

Since the parties are otherwise in agreement as to liability for all the years which are before the Court for review in the present proceedings,

> *Decision will be entered in accordance with the foregoing opinion but otherwise following the stipulation filed by the parties.*

Reviewed by the Court.