R. TIMMIS WARE AND CATHERINE K. WARE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3890-87          Filed June 13, 1989.

*John P. Zampino,* for the petitioners.

OPINION

TANNENWALD, *Judge:* Petitioners have moved for reconsideration of our prior opinion (T.C. Memo. 1989-165) and to vacate our decision.

Petitioners' position is simply a reiteration of that taken in their reply brief, i.e., that respondent should be precluded

from raising on brief the issue of an "unrealized receivable" of the partnership within the meaning of section 751,[1] because it is inconsistent with respondent's prior position that the amount in question represented a fee earned by petitioner-husband and taxable to him as ordinary income. In so doing, petitioners claim that our permitting respondent to raise the section 751 issue resulted in "extreme prejudice" to them. They do not, however, set forth any evidence that they might have offered, beyond that already in the record, if they had been apprised of respondent's allegedly new position prior to trial.

The only evidentiary matter articulated in petitioners' reply brief, namely the failure of respondent to offer evidence that RH&H did not account for the payments in its 1981 partnership return, was directly confronted and answered in our opinion. Yet, in their motion and accompanying memorandum of law, petitioners make no suggestion that they would, if given the opportunity, present evidence[2] that our analysis and conclusion in this respect were wrong.

Moreover, our decision and the accompanying opinion are founded on the application of section 751 as specified in section 741, the very section upon which petitioners argued their case.[3]

The rule that a party may not raise a new issue on brief is not absolute. Rather, it is founded upon the exercise of judicial discretion in determining whether considerations of surprise and prejudice require that a party be protected from having to face a belated confrontation which precludes or limits that party's opportunity to present pertinent evidence. E.g., *Graham v. Commissioner,* 79 T.C. 415, 423-424 (1982).[4] See also *Seligman v. Commissioner,* 84 T.C. 191, 197-199 (1985), affd. 796 F.2d 116 (5th Cir. 1986). Almost all of the authorities relied upon by petitioners articulate this key element. Those that do not simply refuse

---

[1] All section references are to the Internal Revenue Code as amended and in effect during the taxable periods at issue.

[2] For example, copies of the pertinent partnership tax returns.

[3] We did not rest our decision in any degree on sec. 736 so that petitioners' reference to this section in its motions and memorandum of law is irrelevant.

[4] Petitioners' memorandum of law is almost a verbatim copy of a segment of their reply brief. The argument and authorities set forth were fully considered prior to the issuance of our opinion.

to consider the new issue without explanation of the reason for so doing;[5] none of them negate the need for the existence of prejudice. We have no such situation here, particularly in light of our conclusion that, even if we had placed the burden of proof as to the "unrealized receivable" issue on respondent, he would have prevailed. Indeed, in this context, the failure of petitioners to outline what evidence they would have presented beyond that stipulated is highly significant. Cf. *Bernstein v. Commissioner*, 267 F.2d 879, 881-882 (5th Cir. 1969), affg. a Memorandum Opinion of this Court. Moreover, we note that, under appropriate circumstances, we can rest our decision for respondent on reasons neither set forth in the notice of deficiency nor relied upon by respondent. *Smith v. Commissioner*, 56 T.C. 263, 291 n. 17 (1971), and cases cited therein. Cf. *Estate of Horvath v. Commissioner*, 59 T.C. 551, 555-556 (1973).

For the reasons above stated, petitioners' motions will be denied.

*An appropriate order will be issued.*

---

[5]In point of fact, the nature of the new issue, in these cases, is such that a deprivation of the opportunity to present evidence is obvious.