GEORGE WAYNE BRADLEY, PETITIONER *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 25729–91.          Filed April 19, 1993.

---

*Bernard J. Schoenberg* and *Melissa Gill Paulson,* for petitioner.

*Elaine L. Sierra* and *James P. Thurston,* for respondent.

OPINION

TANNENWALD, *Judge:* This case is before us on respondent's motion to dismiss for lack of jurisdiction insofar as the petition herein seeks to put partnership items in issue for 1982.

All of the relevant facts and documents have been stipulated and are so found.

Petitioner resided in California when he filed the petition in this case. He timely filed a Federal income tax return for the 1982 taxable year with the Internal Revenue Service Center, Fresno, California.

On October 27, 1982, a certificate of limited partnership creating Harvard Associates 82-I, a Limited Partnership (referred to as Harvard or the partnership), was filed with the secretary of state of the State of Washington by San-Pacific, Inc. (Pacific), as general partner, and Danny T. Johnson and John A. Bogensberger, as limited partners. At that time, Pacific, Mr. Johnson, and Mr. Bogensberger made capital contributions to the partnership of $100, $5, and $5, respectively.

On January 10, 1983, an amendment to the certificate of limited partnership replacing the initial limited partners and admitting 17 new limited partners, including petitioner, was filed by Robert R. Bogensberger in his capacity as president of Pacific. The combined capital contributions of these partners totaled $768,100. Petitioner's capital contribution to the partnership was $100,300.

Harvard filed a U.S. Partnership Return of Income, Form 1065, for the taxable period beginning October 27, 1982, and ending on December 31, 1982. Such return stated that the business of the partnership commenced "10/27/82" and that the partnership was actively operated for "2" months in 1982. Harvard's mailing address was set forth on the return as follows:

Harvard Associates–82-I
A Limited Partnership
621 Harvard Ave. E., Suite 1
Seattle, WA 98102

A notice of beginning of administrative proceeding (NBAP), dated March 6, 1986, was issued to the tax matters partner (TMP) of Harvard Associates at the above address.

On March 7, 1986, Robert R. Bogensberger, as TMP of Harvard, executed a Form 872-O, Special Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, with respect to Harvard's 1982 taxable year.

On April 15, 1986, respondent issued duplicate NBAP's to petitioner at 401 Medio Ave., Half Moon Bay, CA 94019, and 2364 32nd Avenue, San Francisco, CA 94116. The NBAP issued to petitioner at the San Francisco address was returned stamped "Return to Sender No Forwarding Order on File Unable to Forward".

On August 10, 1986, petitioner executed a Form 872-A, Special Consent to Extend the Time to Assess Tax, with respect to certain items, including "adjustments to the partner's * * * distributive share of any item of income, gain, loss, deduction or credit of: Harvard Associates".

By letter dated May 30, 1989, respondent notified Eric Wormser, a limited partner in Harvard, that he had been selected as the new TMP in respect of the partnership's 1982 taxable year.

In a letter dated June 9, 1989, addressed to petitioner at the Medio Avenue address, respondent informed petitioner that Mr. Wormser had been selected as the new TMP of Harvard and enclosed a copy of a summary report in which certain changes to Harvard's ordinary income, and related penalties, were proposed. The letter set forth Mr. Wormser's address and telephone number and suggested that any comments or questions in respect of the report be directed to him. The letter also stated that a closing conference would be

held in Seattle to discuss the agent's summary report if any of the partners wished to attend such a conference.

On March 12, 1990, separate notices of final partnership administrative adjustment (FPAA) in respect of Harvard's 1982 taxable year were issued to "Harvard Associates 82-I, The Tax Matters Partner", at the address shown on Harvard's 1982 return, and to Mr. Wormser, as TMP of Harvard. The FPAA issued to Harvard Associates 82-I at its 1982 return address was returned stamped "Return to Sender". An FPAA addressed to "George Wayne Bradley, 401 Medio Ave., Half Moon Bay, CA 94019-5120" was also issued on that date. The FPAA apprised petitioner of his right to contest the proposed adjustments.

In the FPAA, respondent made an adjustment to the amount of Harvard's distributive share of losses from a partnership known as "Very Safe Ltd", which, in turn, resulted in a decrease in the amount of petitioner's distributive share of losses for 1982 from Harvard.[1]

No petition for readjustment of partnership items was filed by either the TMP, pursuant to section 6226(a),[2] or any of the partnership's notice partners, pursuant to section 6226(b)(1).

By statutory notice of deficiency dated August 8, 1991, respondent determined that petitioner was liable for additions to tax as follows:

| Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6661 |
|---|---|---|
| $2,508.60 | 50% of interest due on deficiency of $50,172 | $12,543 |

At the outset, we note that, in his original objection to respondent's motion, petitioner claimed that respondent had not complied with the TEFRA provisions,[3] namely, that respondent did not issue the required notices in connection with the FPAA proceeding. See sec. 6223. Petitioner has not pursued this line of objection on brief, and we consider it abandoned. Moreover, we think it clear from our findings of

---

[1] The deficiency, upon which the additions to tax herein are based, also resulted in part from a loss attributable to an investment by Harvard in another partnership, Project Omega, Ltd.

[2] Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] TEFRA refers to the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, tit. IV, 96 Stat. 648, which is applicable to any partnership's taxable year that begins after Sept. 3, 1982, as is the case herein regarding Harvard's 1982 taxable year.

fact that respondent complied with the statutory requirements as to such notice. We also note that, although there appears to have been a dispute between the parties as to whether Harvard was formed before September 3, 1982, and therefore not subject to the TEFRA provisions, petitioner has not pursued this issue on brief, and we therefore consider that it too has been abandoned. In any event, there is no evidence of record that Harvard was formed, or commenced business, prior to October 1982.

Petitioner recognizes that, under TEFRA, the tax treatment of a partnership item is properly determined at the partnership level. Nevertheless, he argues that we have jurisdiction because the statutory notice refers to "the deficiency of $50,172.00" in connection with the determination of the addition to tax under section 6653(a)(1)(B). Petitioner's position is without merit. While a deficiency notice is a necessary requisite to the commencement of a case in this Court, this simply is a procedural precondition and in no way operates to confer jurisdiction upon us over substantive issues.

This Court has repeatedly held that we lack jurisdiction, in a partner-level proceeding involving nonpartnership items (which is the case herein), to redetermine a deficiency, or any portion thereof, attributable to the tax treatment of a partnership item.[4] See, e.g., *Saso v. Commissioner,* 93 T.C. 730, 734 (1989); *Maxwell v. Commissioner,* 87 T.C. 783, 788 (1986); see also *Powell v. Commissioner,* 96 T.C. 707, 712 (1991); *Woody v. Commissioner,* 95 T.C. 193, 208 (1990).[5] The reference in the deficiency notice to which petitioner points simply indicates the foundation for the determination of the addition to tax under section 6653(a)(1)(B) and does not provide a basis for making this case an exception to the well-established rule.

Petitioner further contends that, because the Form 872-O executed by Robert R. Bogensberger, as TMP of Harvard, was invalid, the deficiency notice was not timely issued. This

---

[4] A partnership item is defined by sec. 6231(a)(3) as follows:

(3) PARTNERSHIP ITEM.—The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

[5] See also *Palmer v. Commissioner,* T.C. Memo. 1992-352, on appeal (11th Cir., Aug. 27, 1992); *English v. Commissioner,* T.C. Memo. 1990-662.

argument is similarly without merit. The statute of limitations is an affirmative defense and does not affect the jurisdiction of this Court. *Columbia Bldg. Ltd. v. Commissioner,* 98 T.C. 607, 611 (1992). We express no opinion on the merits of petitioner's claim, including the question whether it may properly be raised in a partner-level proceeding involving nonpartnership items. See *Saso v. Commissioner,* 93 T.C. at 735; cf. *Columbia Bldg. Ltd. v. Commissioner, supra.*

Finally, we turn to petitioner's contention, first articulated in his reply brief, that the deficiency notice herein is invalid because respondent did not furnish him with any notice of computational adjustment.[6] Usually, this Court will not deal with issues which are raised for the first time on brief. See *Ware v. Commissioner,* 92 T.C. 1267, 1268 (1989). However, the thrust of petitioner's contention seems directed to an assertion that we lack jurisdiction over the entire case. Under these circumstances, we are obliged to consider the issue. See *Normac, Inc. v. Commissioner,* 90 T.C. 142, 146 (1988). Again, we find petitioner's contention to be without merit. Section 6230(a)(1), which provides that the deficiency notice procedure "shall not apply to the assessment or collection of any computational adjustment", does not require that any notice of computational adjustment precede the issuance of a deficiency notice, pursuant to section 6230(a)(2), in respect of nonpartnership items or affected items, such as the additions to tax involved herein. See *Carmel v. Commissioner,* 98 T.C. 265, 268 (1992), and *N.C.F. Energy Partners v. Commissioner,* 89 T.C. 741, 744-745 (1987), in both of which cases we contrasted the absence of any "need" on the part of respondent to issue a deficiency notice where a computational adjustment is involved with situations involving "affected items" where respondent is required to issue such notice. See also *Woody v. Commissioner,* 95 T.C. at 202. We think it not without significance that, although section 6230 deals with computational adjustments and provides, in subsection (c), for the filing of claims in respect of error in a computational adjustment, there is no statutory provision requiring the issuance of a notice of computational adjustment, much less establishing any such requirement as a pre-

---

[6] A computational adjustment is made to reflect the change in a partner's tax liability resulting from partnership level adjustments. Sec. 6231(a)(6).

condition to the issuance of a deficiency notice in respect of affected items.

Finally, we note that petitioner makes no claim that there is any discrepancy between the disallowances in the FPAA proceeding which are attributable to him ($88,199) and the resulting tax liability ($50,172) upon which the additions to tax involved herein are based.[7] Under these circumstances, we leave to another day the question whether, if there were a discrepancy in transposing the FPAA disallowances to the computational adjustment of tax liability, we would have jurisdiction to examine the mathematical accuracy of the computational adjustment (but not the FPAA disallowances) in a case involving deficiencies in respect of nonpartnership or affected items. Compare *Woody v. Commissioner, supra,* with *Trost v. Commissioner, supra;* see also *Crowther v. Commissioner,* 269 F.2d 292 (9th Cir. 1959), affg. on this issue 28 T.C. 1293 (1957) (respondent's failure to issue a 30-day letter did not invalidate a deficiency notice); *Harris v. Commissioner,* 99 T.C. 121 (1992), on appeal (5th Cir., Oct. 19, 1992) (net operating loss carrybacks attributable to the settlement of partnership items may be taken into account in redetermining partners' personal tax liability); *Wind Energy Associates III v. Commissioner,* 94 T.C. 787 (1990) (fact that notice of beginning of administrative proceeding not issued at least 120 days prior to the issuance of the FPAA did not invalidate the latter); *White & Case v. United States,* 22 Cl. Ct. 734 (1991) (same); *Fleming v. Commissioner,* 33 T.C. 336 (1959) (statutory notice in respect of various items, including correction of a mathematical error, valid as to such correction even though statute of limitations on assessment based on such an error had expired); *Adler v. Commissioner,* 85 T.C. 535, 541 (1985) (where we recognized but avoided a comparable issue involving a mathematical error).

In view of the foregoing, we hold that the failure of respondent to issue a notice of computational adjustment as to partnership items is not a precondition to the issuance of a statutory notice of deficiency in respect of affected items based on such partnership items. Accordingly, respondent's

---

[7] These figures are reflected in respondent's Report of Individual Income Tax Examination Changes (Form 1902-C) dated Aug. 1, 1991, and included in a letter addressed to petitioner, which was attached as an exhibit to respondent's motion to dismiss for lack of jurisdiction. There is no indication in the record that petitioner has paid the $50,172.

374

motion to dismiss this case for lack of jurisdiction insofar as petitioner seeks to place in issue the adjustments made in the FPAA will be granted.[8]

*An appropriate order will be issued.*

_____

[8] We note that respondent has conceded the portion of the additions to tax under secs. 6653(a)(2) and 6661 in respect of petitioner's share of the Harvard losses attributable to its investment in the Project Omega Ltd. partnership. See *supra* note 1.