T.C. Summary Opinion 2004-36

UNITED STATES TAX COURT

SUSAN G. KILBURG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9136-02S.                    Filed March 23, 2004.

<u>Tommy E. Swate</u>, for petitioner.

<u>Catherine S. Tyson</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard under the provisions of section 7463 of the Internal Revenue Code as in effect at the time the petition was filed.  Unless otherwise indicated, all other section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent originally determined a deficiency in petitioner's Federal income tax of $12,126 for 1998. Respondent subsequently moved for and was granted leave to file an answer out of time. In the answer, respondent asserted an increased deficiency of $20,430 for 1998.

Although respondent disallowed for 1998 certain business expense deductions on Schedule C, Profit or Loss From Business, petitioner offered no evidence and made no argument on the issue. Petitioner has therefore conceded the issue. See, e.g., Bradley v. Commissioner, 100 T.C. 367, 370 (1993); Sundstrand Corp. v. Commissioner, 96 T.C. 226, 344 (1991). The issue remaining for decision is whether petitioner is entitled to claim for 1998 a net operating loss deduction carryforward from 1996.

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Springtown, Texas.

## Background

Petitioner filed a Federal income tax return for 1996 with a Schedule C in the business name of "Bell 'Amore Italian Bistro". The schedule reported on line 31 a net loss of $76,989. Petitioner, on her Form 1040, U.S. Individual Income Tax Return, line 12, reported the same amount, $76,989, as her business loss. Both total income and adjusted gross income were reported on lines 22 and 31 as negative $68,713.

On April 14, 1997, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 1996 (amendment No. 1) with an attached revised Form 1040 for 1996 conforming to amendment No. 1. On line 1, column A, of amendment No. 1, the space for reporting adjusted gross income as originally reported, petitioner listed negative $52,690 rather than the negative $68,713 adjusted gross income reported on the original return. Petitioner reported a net change in adjusted gross income of a negative $97,442 for a total adjusted gross income of negative $150,132. The attached revised Form 1040 also shows total and adjusted gross income of negative $150,132.

Another amended return for 1996 for petitioner was filed on January 22, 1999, making an additional small change. The parties agree that petitioner had a net operating loss (NOL) for 1996 of $154,132.

When petitioner filed her Federal income tax return for 1998, she reported wages of $94,602.17, a current business loss of $7,098.56, and a loss of $118,960.00 as "other income".

Upon examination of petitioner's return for 1998, respondent determined that she had not relinquished the 3-year carryback period for the loss reported on her return for 1996. Initially unable to find evidence of her having filed a Federal tax return for 1993, respondent determined that petitioner's loss for 1996 should be carried back to 1994 and 1995. Respondent's

determination had the effect of reducing the amount available for carryover to the 1998 year from $118,960 to $27,424. After obtaining evidence of petitioner's filing for 1993, respondent moved to increase the deficiency in this case due to the carryback of the 1996 loss to 1993 as well as the 2 subsequent years.[1]

## Discussion

The parties agree that petitioner incurred an operating loss. The only issue for the Court to decide with respect to the NOL is whether petitioner must carry it back to the 3 preceding taxable years before any portion may be carried forward. Because the Court decides the issue in this case without regard to the burden of proof, section 7491 is inapplicable.

For the years involved here, a taxpayer may carry back an NOL to the 3 years before the loss year, and then forward to each of the 15 years following the loss year. Sec. 172(b)(1)[2]. A taxpayer may elect to forgo the carryback period. Sec. 172(b)(3). The election must be made by the due date, including extensions, for filing the taxpayer's return for the year the NOL

_____

[1]In his answer, respondent alleges that "After carrying back the NOL to 1993, the 1996 NOL carryforward to 1998 is decreased from $91,536 stated in the notice of deficiency to $27,242". This allegation appears to be erroneous.

[2]With respect to net operating losses for taxable years beginning after the date of enactment of the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1082(a)(1) and (2), 111 Stat. 950, the carryback and carryover periods were changed.

arose for which the election is to be in effect. <u>Id.</u> The Secretary is authorized to prescribe the manner for making the election. Sec. 172(b)(3). The Secretary has prescribed the manner for making the election in sec. 301.9100-12T(d), Temporary Proced. & Admin. Regs., 57 Fed. Reg. 43893 (Sept. 23, 1992), (redesignating sec. 7.0 Temporary Proced. & Admin. Regs., 42 Fed. Reg. 1470 (Jan. 7, 1977)). The temporary regulation provides that the election shall be made by a statement attached to the return (or amended return) for the taxable year. The statement is required to indicate the section under which the election is being made and shall set forth information to identify the election, the period for which it applies, and the taxpayer's basis or entitlement for making the election.

Respondent contends that petitioner failed to attach to her 1996 return any document electing to forgo the statutory carryback period but if a document as alleged by petitioner was attached, it is ineffective.

Petitioner's argument, in essence, is that she filed a document with her return substantially complying with section 301.9100-12T(d), Temporary Proced. & Admin Regs., an argument advanced by the taxpayer in <u>Young v. Commissioner</u>, 83 T.C. 831, 835-838 (1984), affd. 783 F.2d 1201, 1206 (5th Cir. 1986).

According to petitioner, when preparing her 1996 tax return, she conferred with a C.P.A. who advised her that "she could carry

her losses forward". Because there was, she testified, no appropriate form in her tax return preparation software package, she attached a handwritten note to her return indicating the carryover. The note that she attached to her return for 1996 states that she is going to carry forward her loss from 1996, she testified. Petitioner claimed that she attached such a note not only to her original return for 1996, but also to amendment No. 1, and to each of the tax returns for 1997 and 1998.

None of the copies of the subject tax returns stipulated by the parties have attached to them any handwritten note of any description. The parties did, however, stipulate without further explanation copies of undated handwritten documents titled "Tax Year 1996". Other documents stipulated by the parties indicate that copies of the handwritten "carryforward" notes were provided by petitioner to the auditor during the examination of the 1998 tax return. The "Tax Year 1996" document alleged to have been attached to the 1996 Form 1040 contains the following statement: "The amount of -$52,690 on line 22 of the 1040 enclosed is business losses for 1996 (see Schedule C). These losses will be carried forward to future years to offset future income."

The "-$52,690" mentioned in the above document is not the amount listed on line 22 or any other line of petitioner's Form 1040 for 1996. Total income and adjusted gross income on the 1996 Form 1040 was reported on lines 22 and 31 as negative

$68,713.  Timely filed amendment No. 1, at line 1, column A, also incorrectly shows a negative $52,690 as the previously reported gross income.  Amendment No. 1 reports a corrected adjusted gross income of negative $150,132.  The revised Form 1040 for 1996 attached to amendment No. 1 shows the same amount for total and adjusted gross income.  During the examination of the 1998 return, petitioner produced a copy of a handwritten note using the same language as above but claiming a loss of $150,132, which note is alleged by petitioner to have been attached to amendment No. 1.

The Court is not convinced that petitioner's handwritten notes were attached to the returns when they were received by the Internal Revenue Service.  The Court will, nevertheless, assume for purposes of discussion that they were.  The question remains as to the efficacy of the notes to waive successfully the carryback period.

The essence of the statute is an unequivocal and binding communication of an election to waive the carryback period.  See Young v. Commissioner, 83 T.C. at 839.

In each note, petitioner listed an amount of NOL intended to be carried forward and the year from which it was being carried forward.  The amount listed on the original return did not jibe with the amount in the handwritten note.  The amount listed in the undated handwritten note that petitioner alleges was attached

to amendment No. 1 was consistent with the amount on the timely filed Form 1040X and the revised Form 1040 attached to it. Neither handwritten note, however, claimed an election under section 172. It has been held that "at the very least, an election under section 172 must correctly cite section 172." Powers v. Commissioner, 43 F.3d 172, 177 (5th Cir. 1995).

The Court is not convinced that petitioner either literally or substantially complied with the statutory election requirement. Accordingly, the Court holds that petitioner must carry back her NOL before any portion of it may be carried forward.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.