T.C. Summary Opinion 2008-67


UNITED STATES TAX COURT


ATTILA AND DANIELA KOSA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25565-06S.                Filed June 12, 2008.


Attila and Daniela Kosa, pro sese.

<u>Michael Thomas Garrett</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended and as in effect for

the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $30,509 for 2003 and $14,056 for 2004 in petitioners' income taxes and that petitioners are liable for accuracy-related penalties under section 6662(a) of $6,101.80 for 2003 and $2,811.20 for 2004.

Respondent concedes that petitioners are entitled to deduct: (a) On Schedule C, Profit or Loss From Business, advertising expenses of $17,175 for 2003 and $19,540 for 2004, utility expenses of $2,197 for 2004, and depreciation of $857 for petitioners' trailer for 2004; and (b) on Schedule A, Itemized Deductions, expenses for taxes and licenses of $3,400 for 2003 and mortgage interest of $15,852 for 2003 and $15,803 for 2004.

Petitioners concede that they should have itemized their deductions for 2003 and 2004 on Schedule A and that they are not entitled to deduct on Schedule C for 2003 $3,400 of expenses for taxes and licenses and $15,852 of mortgage interest. Petitioners concede that the deductions on their 2004 Schedule C for "Interest-other" and fees for legal and professional services are not allowable.

Petitioners offered at trial no evidence or argument with respect to car and truck expenses for 2003 and 2004, expenses for commissions and fees for 2003, travel expenses for 2004, an allowance for depletion or depreciation of petitioners' truck for

2003, and supplies expenses for 2003 and 2004.  Thus, petitioners have conceded these issues.  See, e.g., <u>Bradley v. Commissioner</u>, 100 T.C. 367, 370 (1993); <u>Sundstrand Corp. and Subs. v. Commissioner</u>, 96 T.C. 226, 344 (1991).

After the concessions of the parties, the issues for decision are whether petitioners:  (a) Had unreported gross receipts or sales for 2003, and (b) are liable for the accuracy-related penalties under section 6662(a) for 2003 and 2004.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits received in evidence are incorporated herein by reference.  At the time the petition was filed, petitioners resided in California.

During 2003 and 2004 Attila Kosa (petitioner) was self-employed as a tow truck driver.  Petitioner operated his towing business under the name "Anytime Towing".

During 2003 petitioners maintained three bank accounts at Bank of America:  A personal checking account in the name of Attila Kosa, a business checking account in the names of Attila Kosa and Anytime Towing (this account was closed on September 18, 2003), and a business checking account in the names of Attila Kosa and Anytime Towing.

During the examination of petitioners' returns, respondent performed a bank deposits analysis to determine that petitioners

had received in 2003 gross receipts of $51,288 that they had failed to report on their Federal income tax return.

Petitioner's sister reported total income of $17,183 for 2003.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioners did not present evidence or argument that they satisfied the requirements of section 7491(a). Therefore, the burden of proof does not shift to respondent.

### Unreported Schedule C Gross Receipts

Section 6001 requires a taxpayer to maintain sufficient records to allow the determination of the taxpayer's correct tax liability. Petzoldt v. Commissioner, 92 T.C. 661, 686 (1989). If a taxpayer fails to maintain or does not produce adequate books and records, the Commissioner is authorized to reconstruct the taxpayer's income. Sec. 446(b); Petzoldt v. Commissioner, supra at 686-687. Indirect methods may be used for this purpose. Holland v. United States, 348 U.S. 121 (1954). The Commissioner's reconstruction need only be reasonable in the

light of all the surrounding facts and circumstances.  Petzoldt v. Commissioner, supra at 687; Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970).

The record is incomplete on the issue, but petitioners provided no evidence or argument at trial that they had adequate books and records to account for the gross receipts from their towing business.  During the examination Revenue Agent Matthew Brown (Agent Brown) issued six Forms 4564, Information Document Request, requesting documentation relating to their Schedules C. The Court, therefore, finds that it was reasonable for Agent Brown to use an indirect method, the bank deposits method, to reconstruct petitioners' gross receipts for 2003.

Bank deposits constitute prima facie evidence of income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  The bank deposits method of determining income assumes that all the money deposited into a taxpayer's bank accounts during a specific period constitutes income.  Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964).  The Commissioner, however, must take into account any nontaxable source or deductible expense of which he has knowledge.  Id.  The method employed is not invalidated even if the calculations of the Commissioner are not completely correct.  DiLeo v. Commissioner, 96 T.C. 858, 868 (1991), affd. 959 F.2d 16 (2d Cir. 1992).

Agent Brown's "Gross Bank Deposit Summary" for 2003 computed total bank deposits into the three accounts of $119,100.80, less reported cash sources of $67,813, yielding unreported income of $51,287.80. In his analysis of the accounts, Agent Brown identified and eliminated from total deposits items identified as nontaxable such as interaccount transfers, credit card check deposits, and deposits of cash wedding gifts and returned checks.

The month before trial petitioners' case was transferred to Revenue Agent John Swan (Agent Swan). He reviewed the bank deposits analysis prepared by Agent Brown. He reviewed Agent Brown's workpapers; Agent Swan examined the bank statements, compared them with the analysis, and verified the totals.

After reviewing Agent Brown's analysis, Agent Swan prepared his own bank deposits analysis of petitioners' 2003 gross receipts. He came to the same conclusion as Agent Brown with respect to total deposits but reached a different conclusion as to the amount of unreported income. Agent Swan found additional nontaxable amounts and transfers that decreased the net taxable deposits. His computation of total taxable net deposits was $117,796. But Agent Swan also added petitioner's undeposited payroll checks to the taxable net deposits to determine the total taxable deposits and wages of $120,609. After subtracting from the total taxable deposits and wages of $120,609 the $67,813 total of reported gross receipts and net wages, Agent Swan

determined that petitioners had unexplained bank deposits of $52,796.

Petitioner explained to Agent Brown during the examination that several large cash deposits to his personal checking account during the months of April and May 2003 consisted of funds lent to him by his sister to help him make a downpayment on a new home. He alleged that $28,500 was deposited in different amounts at different times to his personal account. Petitioner provided Agent Brown with a letter said to be from his sister stating that she had made the loan, but the letter did not contain any contact information for his sister.

Petitioner testified at trial that the large April and May 2003 cash deposits consisted of gifts and loans of money from friends in "my country", Romania, in 2002. The gifts and loans totaled $9,700, he said, and the remainder was the $28,500 lent to him by his sister. According to petitioner's testimony, he deposited the loan funds "right away". Petitioner testified that his sister was unable to appear in Court to testify concerning the loan because "She's working. She couldn't be here. She had something very important."

Respondent provided evidence to show that petitioner's sister reported gross income for 2003 of $17,183. Without having the benefit of petitioner's sister's testimony or other evidence, the Court concludes that his sister was unable to lend him

$28,500 in 2003.  Further, an examination of petitioner's personal checking account statements failed to reveal any single deposit of $28,500.  There was a cash deposit of $9,700 on March 25, 2003, but petitioner failed to explain why he would have waited until March 2003 to deposit gifts and loans of money from friends in Romania in 2002.  On the basis of petitioner's statements Agent Swan treated cashier's checks totaling $4,500 deposited in May 2003 as loans from petitioner's sister.

The Court finds that petitioners have not shown that respondent's determination that they had unreported income for 2003 is incorrect.  Respondent's determination on this issue is therefore sustained.

Section 6662(a) Accuracy-Related Penalty

Section 7491(c) imposes on the Commissioner the burden of production in any Court proceeding with respect to the liability of any individual for penalties and additions to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, affd. 378 F.3d 432 (5th Cir. 2004).  In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, supra at 446.

Respondent determined that petitioners are liable for the accuracy-related penalties under section 6662(a) for 2003 and

2004 because of negligence or a substantial understatement of tax.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax. See sec. 6662(b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

A "substantial understatement" includes an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most

important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year.  Id.

Petitioners had a substantial understatement of income tax for 2003 since the understatement amount exceeded the greater of 10 percent of the tax required to be shown on the return or $5,000.  The Court concludes that respondent has produced sufficient evidence to show that the accuracy-related penalty under section 6662(a) is appropriate for 2003 because of a substantial understatement.  Taking into consideration the concessions by respondent, it does not appear that there is a substantial understatement of income tax for 2004.

Petitioners, however, failed to provide substantiation for deductions for "Interest-other" for 2004, fees for legal and professional services for 2004, car and truck expenses for 2003 and 2004, expenses for commissions and fees for 2003, travel expenses for 2004, an allowance for depletion or depreciation of petitioners' truck for 2003, and supplies expenses for 2003 and 2004.  Petitioners also failed to show that their failure to report as income the unexplained bank deposits in 2003 meets the standard of reasonable cause and good faith.  Respondent's

determination of accuracy-related penalties under section 6662(a) is sustained for 2003 and 2004 because of negligence.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.