T.C. Summary Opinion 2010-72

UNITED STATES TAX COURT

OLLIE MARIE BLADE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 342-09S.                    Filed June 10, 2010.

Ollie Marie Blade, pro se.

Melanie E. Senick, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at

issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2006 a deficiency in petitioner's Federal income tax of $2,048. Respondent also determined that petitioner had additional unreported Federal withholding taxes of $915. The credit under section 31 for withholding tax payments is specifically excluded from the computation of a deficiency. Sec. 6211(b)(1). Once a decision is entered the withholding tax will, however, be treated as a credit against petitioner's ultimate tax liability, reducing it dollar-for-dollar. See sec. 31. The statutory notice includes adjustments for petitioner's failure to include in income interest of $269, capital gain dividends of $72, taxable dividends of $114, and wages of $4,120 and for the 10-percent additional tax on early distributions from qualified retirement plans.

After the notice was issued, petitioner submitted to respondent four successive Forms 1040X, Amended U.S. Individual Income Tax Return. Petitioner reported on the Forms 1040X capital gain dividends of $209, tax-exempt interest and tax exempt interest and dividends of $892, wages of $4,120, and the 10-percent additional tax on early distributions from qualified retirement plans, which she claimed as a credit.

After concessions by petitioner,[1] the issue remaining for decision is whether the 10-percent additional tax on early distributions from qualified retirement plans is deductible on petitioner's Federal income tax return.

As no fact is in dispute, on whom the burden of proof rests is not relevant in this case. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also sec. 7491(a).

Petitioner argues that the "penalty for early withdrawal" is deductible on her Federal income tax return. Her stated authority for claiming the deduction is the tax return itself. Petitioner points to line 30 of Form 1040, U.S. Individual Income Tax Return. Line 30 is in the section of the return where subtractions from gross income are computed to arrive at adjusted gross income. Line 30 allows a deduction from gross income for "Penalty on early withdrawal of savings". The line 30 deduction is authorized by section 62, Adjusted Gross Income defined. Section 62(a)(9) provides for a deduction from gross income for amounts forfeited to a bank, savings and loan association, or similar institution as a penalty for premature withdrawal of

---

[1]The Court considers petitioner to have conceded respondent's determinations to the extent not explicitly conceded on the Forms 1040X because she provided neither argument nor evidence on the issues at trial. See Bradley v. Commissioner, 100 T.C. 367, 370 (1993); Sundstrand Corp. & Subs. v. Commissioner, 96 T.C. 226, 344 (1991); Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988).

funds from a time savings account, certificate of deposit, or similar deposit.

The section 72(t) 10-percent additional tax[2] on early distributions from qualified retirement plans is not the "penalty for premature withdrawal" described in section 62(a)(9). Section 72(t) provides in the case of an early withdrawal from a qualified retirement plan for an increase in the taxpayer's income <u>tax</u> by an amount of 10 percent of the portion of the distribution that is includable in the taxpayer's income. The section 72(t) amount is payable to the U.S. Government and not "forfeited" to a bank, savings and loan association, or similar institution as a penalty for premature withdrawal of funds from a time savings account, certificate of deposit, or similar deposit.

Petitioner may not deduct the additional tax due under section 72(t) on her Federal income tax return.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[2]Whether or not the sec. 72(t) 10-percent additional tax is a penalty or additional amount for which respondent would have the burden of production under sec. 7491(c), he met that burden by showing petitioner was not 59-1/2 when she received the distribution. See <u>Milner v. Commissioner</u>, T.C. Memo. 2004-111 n.2.