T.C. Memo. 2006-263

UNITED STATES TAX COURT

ESTATE OF RONALD G. KEETON, DECEASED, KIMBERLY KEETON SPENCE,
PERSONAL REPRESENTATIVE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20067-03.                    Filed December 13, 2006.

<u>Douglas A. Wright</u>, for petitioner.

<u>Lauren B. Epstein</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  Respondent issued a notice of deficiency in
the Federal estate tax of the Estate of Ronald G. Keeton (the
estate) of $46,690.  After concessions,[1] the sole issue for

_____

[1]The parties have stipulated that they have resolved all
other issues raised by the notice of deficiency and petition.

decision is whether the estate is entitled to the family-owned business deduction under section 2057.[2]  In response to an argument respondent made in his opening brief, the estate has conceded that it cannot prevail under the statute because it fails to meet one of the substantive requirements necessary to obtain the deduction.  However, the estate contends that (1) the argument raised in respondent's brief contradicts the stipulation of facts, and (2) respondent prejudiced the estate by raising a new issue on brief.  We hold that respondent did not raise a new issue and that the estate may not rely on the stipulation of facts to preclude respondent's argument.

## Background

The parties submitted this case fully stipulated under Rule 122.  The stipulations of facts and the attached exhibits are incorporated herein by this reference.  Ronald G. Keeton (decedent), died on July 19, 1999.  Decedent was a citizen and resident of the United States at the time of his death.  The record does not reflect where in the United States decedent lived at the time of his death.  The parties have stipulated that the legal address of decedent's personal representative is in Panama City, Florida.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On the date of his death, and at all times since incorporation, decedent owned 100 percent of the stock of Keeton Corrections, Inc. (Keeton Corrections), a subchapter C corporation, and 100 percent of the stock of Non-Secure Programs, Inc. (NSP), an S corporation.  Decedent materially participated in the operation of both companies.  Both companies operate corrections facilities.  Keeton Corrections, a Kentucky corporation authorized to do business in Florida, was incorporated in 1985 and has operated continuously since that time.  Keeton Corrections initially contracted with the United States, the Commonwealth of Kentucky, and the State of Florida to provide corrections facilities and services as part of the Federal and State penal systems.  NSP, a Florida corporation, was incorporated on March 22, 1995.  NSP is not a subsidiary of Keeton Corrections.   After the incorporation of NSP, Keeton Corrections and the State of Florida assigned the Florida State contracts to NSP.  Keeton Corrections continued to operate corrections facilities under Federal contract in Florida and various other States.  Upon his death, decedent passed his interests in both Keeton Corrections and NSP to his daughter, Kimberly Spence.  Ms. Spence continues to operate these companies.

The estate timely filed a Form 706, United States Estate (and Generation Skipping Transfer) Tax Return, on October 24,

2000 (the estate tax return). On Schedule T of the estate tax return, the estate claimed a deduction under section 2057 of $675,000. The estate reported qualified family-owned business interests (QFOBIs) valued at $2,870,933, consisting of decedent's interest in Keeton Corrections valued at $1,285,531 and his interest in NSP valued at $1,585,402. Pursuant to section 2057(b)(1)(B), the executor elected the application of section 2057 and filed the agreement referred to in section 2057(h).

Respondent issued his notice of deficiency on August 26, 2003. In his notice of deficiency, respondent, among other adjustments, disallowed the family-owned business deduction in its entirety.

## Discussion

### I. Section 2057

Section 2057(a) provides an estate tax deduction for QFOBIs effective for estates of decedents dying after December 31, 1997. Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 502(c), 111 Stat. 852. A QFOBI includes an interest as a proprietor in a business carried on as a proprietorship or an interest in an entity carrying on a business if at least 50 percent of the entity is owned, directly or indirectly, by the decedent or a member of the decedent's family. Sec. 2057(e)(1). If an estate qualifies for and elects to take the deduction, up to $675,000 of the adjusted value of QFOBIs may be deducted from the value of a

decedent's gross estate.  Sec. 2057(a)(2).  Several requirements must be met either before death or at the time of death for interests in a business to be eligible for the section 2057 deduction.  Section 2057(b)(1) sets forth requirements necessary to obtain the deduction:

SEC. 2057(b). Estates to Which Section Applies.--

(1) In general.--This section shall apply to an estate if--

(A) the decedent was (at the date of the decedent's death) a citizen or resident of the United States,

(B) the executor elects the application of this section and files the agreement referred to in subsection (h),

(C) the sum of–

(i) the adjusted value of the qualified family-owned business interests described in paragraph (2), plus

(ii) the amount of the gifts of such interests determined under paragraph (3),

exceeds 50 percent of the adjusted gross estate, and

(D) during the 8-year period ending on the date of the decedent's death there have been periods aggregating 5 years or more during which–

(i) such interests were owned by the decedent or a member of the decedent's family, and

(ii) there was material participation (within the meaning of section 2032A(e)(6)) by the

> decedent or a member of the
> decedent's family in the operation
> of the business to which such
> interests relate.

The parties have stipulated that the estate has satisfied the requirements listed in section 2057(b)(1)(A) and (B). The parties have also stipulated that the only dispute is whether the stipulated facts demonstrate that the estate has satisfied the requirements of section 2057(b)(1)(C) and (D).

II. Evolution of the Parties' Current Positions

In his notice of deficiency, respondent gave the following explanation for denying the deduction:

> It is determined that the deduction claimed under
> Section 2057 of the Internal Revenue Code of 1986 is
> not allowed because during the eight year period ending
> on the date of the Decedent's death there were not
> periods aggregating five years or more during which
> such interests were owned by the Decedent or a member
> of the Decedent's family. Therefore the sum of the
> adjusted value of the family-owned business interests
> plus the amount of gifts of such interests does not
> exceed 50% of the adjusted gross estate.

In its petition and opening brief, the estate argued that there were periods aggregating 5 years or more during which decedent owned both Keeton Corrections and NSP. The estate asserted that the language of section 2057(b)(1)(D) refers to "such interests" and does not require that each individual interest in a corporation meet the 5-year requirement. The estate asserted that the two corporations should be viewed as one collective business because the incorporation of NSP, which

occurred fewer than 5 years before decedent's death, was a continuation of the business of Keeton Corrections that provided the same services to the same customers and under the same contracts. Therefore, the estate concluded that it satisfied the 50-percent test under section 2057(b)(1)(C) because it would be able to include the values of both corporations. The estate also argued that even if NSP did not satisfy section 2057(b)(1)(D), the estate could still include the value of NSP in the 50-percent test calculation under section 2057(b)(1)(C) because NSP was an "Includible qualified family-owned business interest" under section 2057(b)(2), which section 2057(b)(1)(C) cross-references.[3]

In his opening brief, respondent asserted that even if the estate were allowed to combine the interests in NSP and Keeton Corrections for purposes of section 2057(b)(1)(C), the adjusted value of those combined interests would still not exceed 50 percent of the adjusted gross estate. Since the estate would not be able to satisfy section 2057(b)(1)(C), even if able to aggregate the values of both corporations, respondent concluded that the estate would not be able to qualify for the deduction.

---

[3]Sec. 2057(b)(2) provides that "includible qualified family-owned business interests" are interests that are included in determining the value of the decedent's gross estate and that have passed to a qualified heir from the decedent.

The estate concedes that the adjusted value of the combined interests in NSP and Keeton Corrections does not exceed 50 percent of the adjusted gross estate.

III.  The Current Dispute Between the Parties

Since the estate concedes that it does not pass the 50-percent test under section 2057(b)(1)(C), it is unnecessary for us to decide whether NSP meets the requirement under section 2057(b)(1)(D) for purposes of the 50-percent test in section 2057(b)(1)(C).  The estate's concession obviates any further analysis under the statute because if both corporations combined do not satisfy the 50-percent test of section 2057(b)(1)(C), the estate will not be entitled to the deduction.

The estate has raised two additional procedural arguments that require resolution by this Court.  First, the estate argues that the parties have stipulated that the combined value of Keeton Industries and NSP satisfies section 2057(b)(1)(C), and that the stipulation is binding on the parties and this Court. Rule 91(e); Stamos v. Commissioner, 87 T.C. 1451, 1454 (1986). In the alternative, the estate argues that we must refuse to consider respondent's argument that both interests combined could not meet the requirement under section 2057(b)(1)(C) because he prejudiced the estate by not raising it until his opening brief.

For the reasons discussed below, we disagree with the estate on both points.

IV. <u>The Stipulation of Facts Does Not Preclude Respondent From Arguing That the Estate Will Fail To Meet the Requirements of Section 2057(b)(1)(C) Even If the Two Corporations Are Aggregated.</u>

The estate claims that respondent's argument is contrary to the stipulation of facts entered into by the parties. In particular, the estate cites paragraph 15 of the parties' stipulation of facts, which states:

> 15. The value of the combined interest in Keeton Corrections, Inc. and Non-Secure Programs Inc. exceeds 50% of the decedent's adjusted gross estate.

The estate claims that respondent's argument is an "attempt to mislead this Court." We disagree. The estate may not rely on the above stipulation. The stipulation as worded does not contradict what respondent is arguing. The stipulation says that the combined value of the interests in Keeton Corrections and NSP is greater than 50 percent of the adjusted gross estate. However, that is not what the statute requires. In order to obtain the deduction, section 2057(b)(1)(C) requires that the combined <u>adjusted</u> values of the qualified family-owned business interests exceed 50 percent of the adjusted gross estate. These are not just semantics--section 2057 devotes two entire subsections to defining and providing formulas for the terms

"adjusted value" and "adjusted gross estate".[4]

By stipulating that the "combined value" of Keeton Corrections and NSP exceeds 50 percent of the adjusted gross estate, the parties have left out a crucial part of the calculation by not including the word "adjusted" in front of value.  The parties did not, however, omit the word "adjusted" from "adjusted gross estate".  The estate is not alleging that

---

[4]Sec. 2057(c) and (d) defines the "adjusted gross estate" and the "adjusted value" of the QFOBIs.  The adjusted value of the QFOBIs enters into the numerator, and the adjusted gross estate is the denominator for purposes of the 50-percent test under sec. 2057(b)(1)(C).  The adjusted value of the QFOBIs is determined by aggregating the value of all qualified family-owned business interests that are includable in the decedent's gross estate and are passed from the decedent to a qualified heir. This amount is then reduced by the value of claims and mortgages under sec. 2053(a)(3), and (4), less the following: (1) Indebtedness on a qualified residence of the decedent (determined in accordance with the requirements for deductibility of mortgage interest set forth in sec. 163(h)(3)); (2) indebtedness incurred to pay the educational or medical expenses of the decedent, the decedent's spouse, or the decedent's dependents; and (3) other indebtedness of up to $10,000.  H. Conf. Rept. 105-220, at 397-398 (1997), 1997-4 C.B. (Vol. 2) 1457, 1867-1868.  The value of the adjusted gross estate is equal to the decedent's gross estate, reduced by any claims against the estate and mortgages on estate assets, and increased by the amount of the following transfers, to the extent not already included in the decedent's gross estate: (1) Any lifetime transfers of qualified business interests that were made by the decedent to members of the decedent's family provided such interests have been continuously held by members of the decedent's family (other than the decedent's spouse), plus (2) any other transfers from the decedent to the decedent's spouse that were made within 10 years of the date of the decedent's death, plus (3) any other gifts made by the decedent within 3 years of the decedent's death, except nontaxable transfers made to members of the decedent's family covered by the annual per donee exclusion of sec. 2503(b). Id.

there was a mutual mistake made in the stipulation process. See, e.g., <u>Graham v. Commissioner</u>, T.C. Memo. 2005-68. We cannot read the stipulation the estate cites as saying that the adjusted values of NSP and Keeton Corrections together exceed 50 percent of the adjusted gross estate because that is simply not what the stipulation says. Even on brief, the estate continued to argue that it satisfied the 50-percent test because "the combined value of Keeton Industries and NSF exceeds 50 percent of the adjusted gross estate." Both the estate's reliance on the stipulation and its articulation of the 50-percent test in its briefs reflect a misreading of the statute. Therefore, respondent did not concede anything in the stipulation that contradicts what respondent is arguing now--that the adjusted value of the interests does not exceed 50 percent of the adjusted gross estate. The stipulation of settled issues reflects that the parties agreed that the estate was entitled to deduct a total of $732,000 for claims against the estate which were not reported on the return but were allowed in the notice of deficiency. These amounts significantly reduced the adjusted value of the corporations and caused the adjusted value of the corporations to fall below 50 percent. See sec. 2057(d)(1).

V.   <u>Respondent Has Not Unfairly Prejudiced the Estate by Arguing on Brief That the Adjusted Value of the Combined Interests of the Corporations Does Not Exceed 50 Percent of the Adjusted Gross Estate.</u>

The estate argues that this Court should refuse to consider respondent's argument concerning the 50-percent test because according to the estate, respondent raised it as a new issue in his opening brief. In support of its position, the estate cites cases where this Court has declined to consider arguments raised for the first time by a party in its pretrial memorandum or brief where our consideration of such argument would surprise or prejudice the opposing party. <u>Harrison v. Commissioner</u>, T.C. Memo. 1994-268 (citing <u>Gordon v. Commissioner</u>, 85 T.C. 309, 331 n.16 (1985); <u>Fox Chevrolet, Inc. v. Commissioner</u>, 76 T.C. 708, 733-736 (1981)).

The estate's argument that it has been prejudiced revisits the argument it made that respondent's position contradicts the stipulation of facts. The estate's position is that it is prejudiced because it agreed to forgo trial based upon the premise that the only issue in dispute was whether the estate could combine the values of the two corporations to pass the 50-percent test. Based upon the estate's reading of the stipulation regarding the combined values of the corporations, the estate assumed that whether the two corporations combined passed the 50-percent test was no longer at issue. We have already concluded

that the estate is misreading the stipulation. We cannot think of any other reason why the estate would be prejudiced. The 50-percent test under section 2057(b)(1)(C) is an arithmetical calculation based on the definitions of adjusted value and adjusted gross estate in section 2057(c) and (d). The values used to compute the adjusted gross estate and the adjusted value are no longer in dispute. Respondent has not caused the estate to "face a belated confrontation which precludes or limits that party's opportunity to present pertinent evidence". Ware v. Commissioner, 92 T.C. 1267, 1268 (1989), affd. 906 F.2d 62 (2d Cir. 1990). All of the evidence needed to apply the legal standard is already in the record. Neither party has suggested that the record contains insufficient facts to permit us to dispose of the case on the grounds of respondent's argument. See Smalley v. Commissioner, 116 T.C. 450, 457 (2001). The estate is not arguing that any information needed to determine the values in section 2057(c) and (d) is missing or that respondent's calculations are incorrect.

Further, the estate has no reason to be surprised by respondent's argument. Respondent's argument does not raise a new issue but appeals to the correct application of the law, based upon the record presented and in support of a claim of which the estate was well aware. See Zapara v. Commissioner, 126 T.C. 215, 219 (2006). It is based on the correct application of

section 2057(b)--the same section upon which the parties have focused their dispute from the beginning of this controversy. See Smalley v. Commissioner, supra at 457. At its core, the notice of deficiency denied the estate the deduction because it failed the 50-percent test under section 2057(b)(1)(C). The parties have been arguing about whether the estate's corporations pass the 50-percent test from the outset. Respondent's argument does not raise any new issue that should have surprised the estate in any way. We conclude that respondent's argument applying section 2057(b)(1)(C) does not prejudice or surprise the estate.

VI. Conclusion

The estate has conceded respondent's argument that the estate cannot meet the requirements of section 2057(b)(1)(C) even if the adjusted values of the two corporations are aggregated and therefore does not qualify for the qualified family-owned business deduction under section 2057. The actual stipulation that the parties entered into did not establish that the estate satisfied section 2057(b)(1)(C). Therefore, the stipulation contradicts neither respondent's argument nor the estate's concession of his argument. Finally, the fact that respondent raised his argument for the first time on brief does not prevent us from considering it because it simply applies the correct law

to the facts based upon a legal dispute framed by the notice of deficiency.  Accordingly, the estate is not entitled to any deduction under section 2057.

To reflect the foregoing, and concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.